SAMUEL C. DAVIS *et al.*, Plaintiffs in Error, *v.* JAMES MEREDITH, HORACE WILCOX, GARNISHEE, Defendant in Error.

1. *Garnishment — Wages, payment of.* — A garnishee will not be chargeable for payment of monthly wages to his employee after garnishment, the payments having been made so as to keep the amount due the employee below the value of his services for the thirty days preceding the several payments. (See Wagn. Stat. 664, § 37.)

*Error to Cole Circuit Court.*

*E. L. Edwards & Son*, for plaintiff in error.

*E. L. King & Bro.*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

This was a garnishment upon execution. The garnishee's answer shows that he was indebted to the debtor in the execution in the sum of $96 at the date of the service of the garnishment, and that the indebtedness was for wages earned by the debtor within the month then next preceding; that at the time of filing the answer he was indebted in the sum of $80.50, for labor done during and within the month then next preceding; that from the time of the service of the garnishment to the filing of the answer the garnishee had owed and paid the execution debtor in the aggregate the sum of $16; and further, that the indebtedness had at no time exceeded one month's wages, the payments having been made so as to keep the amount due the execution debtor below the value of his services for the thirty days preceding the several payments. Upon this state of facts shown by the answer, the garnishee was discharged, and the plaintiff brings the cause here by writ of error.

Prior to 1866, wages due from a garnishee to a person in his employment were not subject to garnishment whenever earned or whatever the amount. (R. C. 1855, p. 247, § 27.) In 1866 the law was changed, limiting the wages exempt from garnishment to wages due for the "last thirty days' service." The object of this exemption is manifest. It was to enable the employee to

apply his current earnings to the support of himself and family—a very just and humane provision; and it should have a liberal construction, so as to carry into effect the purposes of the Legislature.

The plaintiffs acquired no lien upon the $96 in the garnishee's hands at the date of the garnishment, since it was due the execution debtor for services rendered within the preceding thirty days, and was, according to the answer, paid off before the thirty days had run. That, then, was out of the case, and the various parties stood in relation to each other as though nothing had been in arrear when the garnishment was served. That being out of the way, the garnishee was at liberty to continue the debtor in service, paying him his wages from time to time as they were earned, leaving nothing in arrear that was not earned within the prescribed thirty days. According to the answer, that was what the garnishee did, and that he was warranted in doing. He did not thereby subject himself to liability over again to his employee's creditors.

I think the judgment was right and should be affirmed. The garnishee will be allowed $35 for answering in this court. The other judges concur.