Ed. S. Bean, Sheriff, *vs.* Germania Life Ins. Co.

Submitted on briefs April 25, 1893. Reversed July 31, 1893.

**Exemption of Laborers' Wages.**

The evident purpose of Laws 1889, ch. 204, entitled "An act to fix the amount of wages of laborers exempt from process of attachment, garnishment, or execution," was to exempt such wages to the extent of $25 earned within thirty days next preceding the levy of the process; and such should be the construction given to the act.

Appeal by defendant, the Germania Life Insurance Company of New York, from a judgment of the Municipal Court of the City of St. Paul, *H. W. Cory*, J., entered October 8, 1892.

Moritz Seligman recovered judgment July 5, 1887, against Peter Berns in the District Court of Ramsey County for $88. Execution was issued thereon July 29, 1892, and delivered to Ed. S. Bean, Sheriff, for service. On August 15, 1892, the Sheriff levied upon all moneys, debts and credits due from, or in the hands of, the Insurance Company, and belonging or accruing to Berns. At that time Berns was in the employ of the Insurance Company as a laborer at $45 per month, payable semimonthly, on the 1st and 15th days of each month. On said August 15, 1892, the Insurance Company was indebted to Berns in the sum of $22.50, and after the levy it paid this money to Berns instead of to the Sheriff. On September 1, 1892, a further sum of $22.50 was due Berns for his labor, and was levied upon by the Sheriff; and, on September 15, 1892, a still further sum of $22.50 was due, and was levied upon by the Sheriff in the same manner, but the money in each case was paid to Berns.

The Sheriff then brought this action against the Insurance Company to recover the three half-monthly sums, amounting to $67.50. He obtained judgment in the Municipal Court and defendant appeals. A copy of Laws 1889, ch. 204, is in the margin.[1]

---

[1] Chapter 204. An Act to fix the amount of wages of laborers exempt from process of attachments, garnishments or execution.

Be it enacted by the Legislature of the State of Minnesota:

Section 1. The wages of any person or of the minor children of any person in any sum not exceeding twenty-five (25) dollars due for any services ren-

*C. D. & Thos. D. O'Brien,* for appellant.

The defendant claims that Laws 1889, ch. 204, exempts the wages of any person not exceeding $25, earned within thirty days preceding the levy of the attachment or execution; while the plaintiff claims that only such wages as were earned previous to the issuing of the process are exempt. It is submitted that the plain intention of the Legislature was to exempt from levy and sale under any process, the wages of any person to the amount of $25, provided the same were earned within thirty days next preceding the levy. The title of the act indicates this.

*Willrich & Lambert,* for respondent.

Defendant contends that in Laws 1889, ch. 204, the word *issue* of an execution means *levy* of an execution. The law is plain and not ambiguous, and it cannot be gathered from the face of the Act that the Legislature did not mean exactly what they said. It was optional with them to exempt moneys earned, either before or after the issue of an execution, or both.

A court has no authority to extend a law beyond the fair and reasonable meaning of its terms because of some supposed policy of the law, or because the Legislature did not use proper words to express its meaning. The moneys levied upon by the plaintiff, having been earned after the issue of the execution, do not fall within the provisions of the statute.

VANDERBURGH, J. This case turns upon the construction of Laws 1889, ch. 204, entitled "An act to fix the amount of wages of laborers exempt from process of attachment, garnishment, or execution." By the terms of the act, the wages of any person or his minor children, not exceeding $25, for services rendered to another

---

dered by any such person or the minor children of any such person for any other person during thirty (30) days preceding the issue of any process of attachment, garnishment or execution in any action against any such person or persons shall be exempt from such process.

Sec. 2. All acts or parts of acts inconsistent with the provisions of this act are hereby repealed.

Sec. 3. This act shall take effect and be in force from and after its passage. Approved April 16, 1889.

person during thirty days preceding the issue of such process, shall be exempt therefrom. It is obvious that the strict technical construction of the language of the act, which would confine the exemption to wages earned within thirty days of the mere issuance of the process, would in great measure defeat the exemption intended to be provided for, and as indicated by the title. In some states personal property is bound by the issuance of process before an actual levy, but under our laws the process is only made effectual by a levy, and the mere issue is ineffectual; hence in cases where process is issued, and not levied for thirty days, there could be no exemption within the life of the execution, unless the statute is given a broader and more liberal construction than that insisted on by the plaintiff. But if, in view of the evident purpose of the act, it be held that the legislature intended to date the exemption from the time when the issue of the process was made effectual and operative against the debtor by an actual levy, its operation becomes practical and uniform, and in conformity with its title; and the effect will be to exempt in all cases the sum of $25 of the wages earned within thirty days next prior to the levy, and to secure to the debtor that amount of his wages from month to month. We think this was the intention of the legislature in passing the statute, and it is the only reasonable and consistent construction that can be given to it.

Judgment reversed.

(Opinion published 56 N. W. Rep. 127.)

