LUCY S. BOVARD, Executrix, etc., Appellant, v. JOSEPH F. FORD, Defendant; KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Garnishee, Respondent.

**Kansas City Court of Appeals, March 5, 1900.**

1. **Garnishment**: DEFINITIONS: WAGES: SALARY. Under section 5220, Revised Statutes, 1889, the word wages includes salary, and the amount of the salary, where it is payable in monthly installments, will not take it out of the exemption provided by the section.

2. ———: EXEMPTION: CONSTRUCTION. Exemption statutes are intended for benevolent purposes and are to be construed liberally to effect their objects.

3. ———: CONSTRUCTION: STATUTES GIVING PREFERENCE. Statutes granting preferences to certain classes in the distribution of insolvent estates are in derogation of common law and are not to be extended by construction and in that respect differ from exemption laws; and cases construing the former are not applicable in the construction of the latter.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Albert Young* and *W. H. Knott* for appellant.

(1)   The garnishee's answer and its motion for judgment involve the construction of section 5220, Revised Stat-

utes of Missouri. This involves further the statutory construction and meaning of the word "wages" as set out in the above section. In all of the exemption provisions of our statute, the word "wages" is universally used. R. S. 1899, secs. 539, 4906, 4911. The foregoing are the only sections of our statutes in which the word "wages" is used, and its purpose and object are manifest from the connection in which it is used. R. S. 1889, sec. 6570. (2) See dictionaries under wages and salary. (3) See adjudicated cases and extracts. Railroad v. Falkner, 49 Ala. 115; Cowdin v. Huff, 10 Ind. 83; Van Valkenburg v. Meyers, 25 Abbott's New Cases 368; People v. Remington, 45 Hun. 338; affirmed here on the opinion below, 109 N. Y. 631; Lang v. Simmons, Garnishee, etc., 64 Wis. 525-529; Campfield v. Lang, 25 Fed. Rep. 128; Railroad v. Falkner, 49 Ala. 118; see, also, Jac. Law Dict. 382, and Toml. Law Dict. 655; Railroad v. Wilson, 138 N. S. 501; Vane v. Newcombe, 132 N. S. 220-230; Wilders v. Furguson, 42 Minn. 112; Jones v. Avery, 50 Mich. 326; Gordon v. Jennings, 9 Q. B. Div. 45; Ryley v. Warden, 2 Exchq. 59. (4) The garnishee's answer presents no issuable facts, but mere conclusions of law, and judgment should be for the plaintiff. Hopkins v. Huff, 67 Mo. App. 394; Weil v. Posten, 77 Mo. 284.

*Pratt, Dana & Black* for respondent.

(1) Exemption statutes are liberally construed in the interest of the person for whose benefit they were enacted. Davis v. Meredith, 48 Mo. 263; Wagner v. Furniture Co., 63 Mo. App. 209; Rosenthal v. Scott, 41 Mich. 633; Elliott v. Hall, 35 Am. St. Reps. 285. Respondent is a "person" within the meaning of this statute. Shockley v. Fisher, 75 Mo. 501; R. S. 1889, sec. 6568. (2) It is too late for plaintiff to question the sufficiency of the garnishee's answer. R. S.

1889, sec. 5233; Brown v. Gummersell, 30 Mo. App. 341; Swartz v. Riner, 66 Mo. App. 476.

GILL, J.—Plaintiff sued out an execution on a judgment she had against defendant Ford and notice of garnishment was served on the above named railroad company. In answer to interrogatories the garnishee stated that it owed Ford nothing except wages for the last thirty days' service as its employee, which it claimed was not subject to garnishment. In reply, plaintiff alleged, in substance, that Ford was employed by garnishee as comptroller and auditor at an agreed annual salary of $5,000, payable in equal monthly instalments, and that such compensation was not exempt from garnishment. The court thereupon sustained a motion for judgment discharging the garnishee and plaintiff appealed.

1. The sole question is, whether the salary, wages or compensation payable to defendant Ford, by virtue of his employment by the garnishee railroad company, is exempt from garnishment process under section 5220, Revised Statutes 1889, which reads: "Nor shall any person be charged as garnishee on account of wages due from him to a defendant in his employ for the last thirty days' service; provided such employee is the head of a family and a resident of this state." The case concedes that defendant Ford was at the time the head of a family, a resident of this state, and that the money owed him by the garnishee was compensation for the last thirty days' service.

In behalf of the plaintiff it is contended, that the earnings of Ford can not be classed as "wages" due from his employer, and that therefore such compensation is not exempted by the provisions of the foregoing statute. While conceding that there is much force in the contention, we yet think the argument too narrow and restrictive, and that the judgment of the circuit court was correct. Although wages and salary

have at times a different meaning, we think that in this instance they might have been used interchangeably and as meaning the same thing—or rather, that wages was intended to include salary. Plaintiff's counsel have collated a great variety of definitions from different lexicographers, but in its general sense Mr. Webster has defined wages or wage as "a compensation given to a hired person for his or her services; that for which one labors; stipulated payment for service performed," etc.; and as synonymous terms mentions: "Hire, reward, stipend, salary, compensation, remuneration," etc. So in this case it is immaterial whether Ford's compensation be termed wages or salary, they mean one and the same and come within the class of earnings for personal service intended to be exempted by the statute. As well said in Rood on Garnishment (sec. 89): "The manifest object of the statutes is to exempt the personal earnings of the defendant, as contradistinguished from any income or profits derived from speculative, mercantile, or other business transactions, and it makes no difference by what means they are reckoned or ascertained, or what they may be termed. If there is any difference, in the popular sense, between 'salary' and 'wages' it is only in the application of them to more or less honorable services." While then Ford's compensation might, in view of the dignity of his employment, be denominated salary, yet, like many other of similar honorable mention, it comes also within the more general definition of wages.

2. It is also well to bear in mind that as exemption statutes are intended for benevolent purposes, to provide for the protection and support of the family, they are to be construed liberally to effect the objects of their creation. Wagner v. Furniture Co., 63 Mo. App. 209; Davis v. Meredith, 48 Mo. 263. Merely calling the compensation of the defendant a salary ought not to deprive him of the exemption. The like claim might be made as to the stipulated monthly pay of a

merchant's clerk or bookkeeper, or the teacher of a school, where the word salary is frequently used. It must have been the legislative intent to provide as much for employees of this kind and their families as for those engaged in hand labor. Neither can it be reasonably claimed that those receiving small pay should be deemed within the statutory protection while those getting larger compensation are to be excluded from its benefits. The statute has made no such distinction; it exempts from garnishment process all wages due the defendant for the last thirty days' service, whether said defendant's compensation be for a large or small amount. The statute as it stood before the revision of 1865 exempted all compensation due to the employee for whatever length of time it was owing, but at that time the section was amended by adding the words "for the last thirty days' service." It was not, however, deemed proper by the lawmakers to place any limit on the amount allowed except as curtailed by the thirty days' limitation. This implies a legislative intention not to interfere otherwise with the matter of exemption. In some of the states the limitation of exempted wages is fixed by the amount that may be claimed, while in others, as here, the exemption is limited by the time within which it may have been earned. This is a matter for the legislative judgment and the courts can only enforce the legislative enactment, whatever it may be.

We have examined the cases cited by plaintiff's counsel and in none of them do we find the construction of a statute similar to ours. The compensation for services in most of the decisions referred to relates to "the wages of employees, operatives and laborers," or to the "wages of laborers, servants or employees." In most, if not all the cases, also, they were instances where certain persons were claiming preferences in the distribution of insolvent estates. The statute there (as in the state of New York where most of the cases were decided) it will be seen, provided that the wages entitled to the prefer-

ence should be only those due to laborers, servants, operatives and employees. The courts refused to extend the benefit beyond the particular classes mentioned even though the general and comprehensive term employees was used in the same sentence. Reasons for this holding are set out in Matter of Stryker, 158 N. Y. 526. Persons claiming these preferences in insolvent estates were held to a strict construction of the statute. "Legislation of this character," says the court, "confers upon a class of persons * * * new and unusual privileges and securities at the expense of other creditors whose distributive share of the assets is diminished. It is in derogation of the common law and should not be extended, etc. * * * In the distribution of the assets of an insolvent corporation by courts of equity the maxim that equality is equity is a fundamental rule, and it is by force of legislation that this principle can be departed from." And again, in answer to the claim that the claimants were entitled to come in under the class employees mentioned in the statute, the court restricted the application of that term, as already stated, saying: "When two or more words of analogous meaning are employed together, they are understood to be used in their cognate sense to express the same relations and give color and expression to each other. Hence, although the word employee is general and comprehensive, it must be limited by the more specific words, operatives and laborers, which are found in the statute."

From this and other decisions cited it will be seen that quite a different statute was being construed and that rules of construction were there invoked which are wholly inapplicable here. Our statute is not one relating to preferences given to certain favored creditors, where a strict construction maintains, but provides exemptions for the family, and which said statute is to be liberally construed. The wages referred to in our statute are not limited to that of laborers, servants and employees, but are the wages generally of anybody in the

garnishee's employ. It seems then if we construe the "wages" to be exempted by this statute as covering only such as are earned by manual laborers or other subordinate and indifferently paid employees, we shall not only be chargeable with an undue and narrow construction of the term, but will also be guilty of qualifying the general scope of the statute in a way not contemplated by the lawmakers.

The foregoing disposes of the only point in the case deserving mention. The judgment of the lower court was proper and will be affirmed. All concur.