BARNES, Respondent, v. WILLIAM WALTKE & COMPANY, Garnishee, Appellant.

**St. Louis Court of Appeals, February 9, 1909.**

1. **EXEMPTIONS: Garnishment: Fraud in Payment of Wages.** After a judgment against a traveling man, whose salary was paid at the end of each month, his employer was garnisheed in the cause and he then made arrangement with his employer whereby his salary should be paid in advance. *Held*, the evidence justified the court in finding that the arrangement for payment of his wages in advance was fraudulent and intended to prevent the levy on his wages by garnishment.

2. ———: ———: ———. But where the defendant in such case was the head of a family, the arrangement to pay wages in advance was not fraudulent as to that part of his wages exempt, so that the garnishee was liable under the statute for only ten per cent of the wages which would have been due but for the fraudulent arrangement.

3. ———: ———: **Defense of Garnishee.** Although a garnishee in answering the interrogatories filed by a judgment plaintiff does not set up the exemption rights of the defendant, nevertheless where the facts showed that the defendant was the head of a family entitled to his exemptions, the garnishee could avail himself of that defense.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

MODIFIED AND AFFIRMED.

*Rassieur & Feuerbacher* and *P. P. Mason* for appellant.

The burden of proof should have been on plaintiff to show, as was alleged by him, that the alleged agreement between garnishee and defendant whereby the latter was to receive his wages bi-weekly in advance, was not made in good faith but was made for the purpose of defeating plaintiff's claim and fraudulently preventing the collection thereof. Such agreements are not

void as a matter of law. Reinhart v. Soap Co., 33 Mo. App. 27; Hax v. Plaster Co., 82 Mo. App. 447. Where it appears that defendant is the head of a family and a resident of this State, all over ten per cent of his wages due from a garnishee for the last thirty days' service, is specifically exempted. Sec. 3435, R. S. 1899, as amended, Laws 1903, p. 199; Davis v. Meredith, 48 Mo. 263; Cooper v. Scyoc, 104 Mo. App. 432.

*Walther & Muench* for respondent.

Collusive arrangements between a garnishee and a judgment debtor to pay the latter's salary in advance, are fraudulent and void as against the plaintiff in the garnishment proceeding. Dinkins v. Woodenware Co., 91 Mo. App. 209; Spengler v. Kauffmann, 46 Mo. App. 644. Having failed in its only defense to the garnishment proceeding urged in its answer, the garnishee could not thereafter seek to justify the payments of salary to the defendant on the ground that he was the head of a family and could therefore claim ninety per cent of such salary as exempt, because: This claim could only have been urged in person by the judgment debtor, who was not a party to this proceeding. Osborne v. Schutt, 67 Mo. 712; Connelly v. Chilcote, 25 Ohio State 320.

GOODE, J.—This respondent obtained a judgment before a justice of the peace in St. Louis against Colonel A. Mathias, for $400, on which an execution was issued by the justice and returned *nulla bona*. Thereafter, in August, 1906, a transcript of the judgment was filed in the office of the clerk of the circuit court of said city and an execution was issued from the clerk's office in which the appellant Wm. Waltke & Company, a corporation, was garnished. Mathias was and had been for several years in the employ of said corporation as a salesman. The company is a West Virginia concern

engaged in the manufacture of soaps; and, we suppose, carried on some business in this State. Mathias' salary was $200 a month, out of which he was supposed to defray certain expenses incident to his duties and support his family. During all the time of his employment, prior to October 6, 1906, appellant had paid Mathias at the end of each month for the services rendered during the month, but on said date the contract was changed so he would be paid every two weeks in advance. The manager of the company testified this was done because of a demand by Mathias and a threat to quit their employment if his wages were not thus paid. The manager also testified Mathias was threatened with judgments and garnishment writs. Other witnesses gave similar testimony. Mathias testified he wanted his wages in advance because he needed the money for his expenses and to build up his trade, as otherwise he could not carry on his work. Suffice to say, the evidence justified the court in finding the arrangement made for the payment of his wages in advance was collusive and intended to prevent levy on the wages by garnishment in satisfaction of judgments which had been or might be given against him. The case was tried without a jury or instructions, and a verdict was rendered against the garnishee for $645.50. An appeal was taken by the company, and among the main errors assigned, is the ruling of the lower court in holding the burden of proof was on appellant. It should be stated appellant denied any indebtedness to Mathias in answering the interrogatories propounded by respondent and set up the contract to pay Mathias his wages in advance. The answer to the interrogatories was traversed by a denial filed by respondent charging fraud in the arrangement made between appellant and Mathias to pay his wages in advance, and alleging that on the date the writ of garnishment was served, appellant was indebted to Mathias in the sum of $200 for salary earned during the previous month, November,

1906, became indebted to him during the month of December for the same sum, and so on during succeeding months to March 8, 190 , when, it is averred, appellant owed Mathias $800. The issues were framed by the answer to the interrogatories and the denial of the answer. We will not inquire whether the court erred in putting the burden on appellant to prove the bona fides of its arrangement with Mathias, for though a motion for new trial was filed, no error on account of this ruling was assigned. [Walton v. Railroad, 29 Mo. App. 620.]

The judgment was excessive, for no more than ten per cent of Mathias' wages was subject to garnishment, he being the head of a family and a resident of this State. The balance of his wages was exempt from levy by statute. [R. S. 1899, sec. 3435, Davis v. Meredith, 48 Mo. 263.] The arrangement between him and the garnishee could not have been fraudulent against creditors as regards the exempt part of the salary. [Kulage v. Schuler, 7 Mo. App. 250; Jarboe v. Jarboe, 106 Mo. App. 459.] The case of Alt v. Bank, 9 Mo. App. 91, is different, because it involved property not by statute specifically exempt from levy, but only exempt when claimed to be.

It is said Mathias's salary exemption was not mentioned in the garnishee's answer and, therefore, was waived. No doubt it would be better to call attention to such a fact in answering, even though the interrogatories make no inquiry about it, as those before us made none; but we decline to hold the omission rendered the exemption unavailable to the garnishee as a defense, since the record contains proof of the essential facts that Mathias was head of a family and resident of the State and this evidence was palpably introduced to prove the immunity of all but ten per cent of his wages from levy. The immunity was asserted by the testimony and in the motion for new trial, which alleged an excessive judgment.

The judgment will be modified and entered here for $64.55, or ten per cent of the wages the court found the garnishee owed Mathias. All concur.