MALINDA BAMBRICK, Respondent, v. BAMBRICK BROS. CONSTRUCTION COMPANY, Garnishee, Appellant.

St. Louis Court of Appeals. Argued and Submitted October 13, 1911. Opinion Filed November 7, 1911.

This opinion of the Springfield Court of Appeals in this case (152 Mo. App. 69) is adopted as the opinion of the court.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

REVERSED AND REMANDED.

*T. J. Rowe, Thos. J. Rowe, Jr.*, and *Henry Rowe* for appellant.

*F. A. C. McManus, T. P. Young, Frank A. Habig* and *E. G. Curtis* for respondent.

REYNOLDS, P. J.—This is an action by respondent, plaintiff below, against appellant, as garnishee of

one John Bambrick, a judgment debtor of plaintiff. In the trial of the cause before the court and a jury, plaintiff recovered and the garnishee duly perfected his appeal to this court. Under the provisions of an Act of the General Assembly, approved June 12, 1909 (Laws 1909, p. 396, now section 3939, R. S. 1909), the case was transferred to the Springfield Court of Appeals, there argued and submitted and the judgment of the circuit court reversed and the cause remanded. The cause has come back to us from the Springfield Court of Appeals, in consequence of the decision of the Supreme Court in State ex rel. St. Louis Dressed Beef & Provision Co. v. Nixon et al., 232 Mo. 496, 134 S. W. 538, and cases *passim,* and was argued before us by counsel for respondent, counsel for appellant submitting it on briefs and printed argument.

On consideration of the case we see no reason to depart from the statement of facts and opinion written by Judge Nixon, reported under the title Bambrick v. Bambrick Bros. Construction Company, Garnishee, 152 Mo. App. 69, 133 S. W. 322.

The statement in the opinion of Judge Nixon, that the garnishee's answer, which is referred to in the instruction given by the court as being before the jury, was not introduced in evidence, is challenged. An examination of the abstract on file shows this: Plaintiff offered in evidence the judgment obtained by her against John Bambrick. This was objected to for various reasons and the objection sustained. Then follows this (Mr. Young being attorney for plaintiff and Mr. Rowe for the garnishee):

"Mr. Young: I next offer in evidence an execution which was issued on account of this judgment on the 28th day of June, 1906, and I will read this to the jury.

＊   ＊   ＊   ＊   ＊   ＊   ＊   ＊   ＊

Mr. Young: I also offer the return of the sheriff as follows:

\*        \*        \*        \*        \*        \*        \*        \*        \*

Mr. Young: I next offer in evidence the interrogatories.

Mr. Rowe: I object to the interrogatories being offered in evidence as incompetent, irrelevant and immaterial.

Mr. Young: The purpose of the interrogatories is to subsequently offer the answer which was filed to these pleadings. That is not a part of the pleadings and is not before the jury unless it is offered in evidence.

The Court: I will sustain the objection to the introduction of the interrogatories.

Mr. Young: I next offer in evidence the answer to the interrogatories filed in this case.

\*        \*        \*        \*        \*        \*        \*        \*        \*

Mrs. Malinda Bambrick, being duly sworn, testified on her own behalf, she being the plaintiff, as follows:"

It will be observed from the above, which is literal copy from the abstract, including the asterisks just as there printed, that the asterisks follow these offers. There is nothing whatever in the abstract of the record to show what has been omitted or what these asterisks represent. But there is nothing to suggest that these offers were followed up by reading in evidence the execution, the return of the sheriff, or the answer to the interrogatories. It will be noticed that counsel for respondent, plaintiff below, in answering the objection to the interrogatories being offered in evidence, has himself very correctly stated that they will follow up the interrogatories by subsequently offering the answer which was filed to them, counsel stating: "That is not a part of the pleadings and is not before the jury unless it is offered in evidence." The objection to the introduction of the interrogatories was sustained, whereupon counsel offered in evidence the answer to the interrogatories filed in the case. Although he had stated

that this answer could not be considered before the jury unless offered in evidence, which of course means that it was put in evidence and read or considered read in evidence to the jury, the record fails to show that after offering it in evidence, it was in point of fact read in evidence to the jury, or that the jury ever saw it or heard it read. We therefore think the statement of Judge Nixon, at page 78 of the report of the case in 152 Mo. App., supra, that the answer was not offered in evidence, is sustained by the abstract.

It is to be further noted that Judge Nixon has said at page 79 of the same report, that while it was error to refer the jury to a paper not in evidence, it would hardly be considered as reversible error alone. The cause was reversed for two reasons, first, that it does not affirmatively appear that this answer was introduced and read in evidence to the jury, and for the further reason that the instruction did not present to the jury the question as to whether the contract of the garnishee and John Bambrick had been made prior or subsequent to the service of the notice of garnishment. This was the fundamental error, Judge Nixon holding that the reference to the answer would not in itself constitute reversible error. We are therefore unable to see how respondent has cause to complain of the statement or conclusion arrived at by Judge Nixon as to the failure to introduce the answer.

On consideration of the whole case, we are satisfied that the statement and conclusion of law arrived at and announced by Judge Nixon, as before stated, are correct. Adopting both, the judgment of the circuit court of the city of St. Louis is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.