PHILOPENA KOPPEN, Appellant, v. UNION IRON & FOUNDRY COMPANY, Garnishee, Respondent.

**St. Louis Court of Appeals.   Submitted on Briefs January ·8, 1914.   Opinion Filed February 3, 1914.**

1. **EXEMPTIONS: Statutes: Statutory Construction.**   Statutes of exemption are to be liberally construed.

2. **EXEMPTIONS: Garnishment: Salaries Exempt.**   Sec. 2415, R. S. 1909, providing that no person shall be charged as garnishee for more than ten per cent of any wages due from him to one in his employ for the last thirty days' service, provided such person is the head of a family and a resident of this State, applies to the salary or compensation due the general manager of a corporation; one who works for another in any capacity for a stated compensation being a wage-earner and the compensation paid him being wages.

3. **———: ———: ———.**   Under Section 2415, R. S. 1909, providing that no person shall be charged as garnishee for more than ten per cent of any wages due from him to one in his employ for the last thirty days' service, provided such person is the head of a family and a resident of this State, and Section 2416, providing that notice of garnishment shall attach all money due to defendant in the garnishee's possession at the time of service, or which may come into his possession between the time of service and the filing of the answer, the exemption of ninety per cent of an employee's wages extends to the wages accruing between the service· of the garnishment and the filing of the answer, and this exemption is not affected by the fact that all of the money due the employee for services rendered during such period has been retained by the employer.

4. **APPELLATE PRACTICE: Allowance to ,Garnishee.**   On appeal by an execution debtor from a judgment rendered in a garnishment proceeding, the garnishee having filed a verified motion before final submission of the cause, pursuant to Rule 28 of the St. Louis Court of Appeals, claiming expenses incurred in printing a brief and for an attorney's fee, *held*, on the judgment being affirmed, that the garnishee should be allowed the sum of $6.75 for printing a brief and $50 for attorney's fee, to be taxed as costs against appellant.

Appeal from St. Louis Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Buder & Buder* and *Eugene Buder* for appellant.

(1) All money, rights, credits, etc., of a defendant in charge of or under control of the garnishee or owing by him from the time of the service of garnishment to the time of filing his answer, is subject to garnishment. Sec. 2416, R. S. Mo. 1909; Dinkins v. Woodenware Co., 99 Mo. App. 310; Stevenson v. Machine Co., 150 Mo. App. 555; Bambrick v. Construction Co., 152 Mo. App. 69; Loomis v. Shriner, 165 Mo. App. 25. (2) If any wages are due to a resident defendant from a garnishee from the time of the service of garnishment to the time of the filing of his answer and defendant is the head of a family, then ninety per cent of the wages due for the last thirty days' service are exempt and the balance is subject to garnishment. Sec. 27, p. 246, R. S. Mo. 1855; Sec. 3, p. 573, R. S. Mo. 1865; Session Acts 1885, p. 169; Session Acts 1903, p. 199; Secs. 2415, 2416, R. S. Mo. 1909; Bovard v. Railroad, 83 Mo. App. 498; Cooper v. Scyoc, 104 Mo. App. 414; Mangold v. Dooley, 89 Mo. 111. (3) The president and general manager of a corporation is not entitled to claim his salary for the last thirty days' service as exempt under Sec. 2415, R. S. Mo. 1909. Rood on Garnishment, sec. 87; Com. v. Butler, 99 Pa. St. 542; People v. Remington, 45 Hun. 329; Railroad v. Faulkner, 49 Ala. 118; Gordon v. Jennings, 9 Q. B. D. 45; People v. Meyers, 25 Abb. New Cases, 368; Meyers v. City of New York, 69 Hun. 291; In re Stryker, 158 N. Y. 526; Adcock v. Smith, 97 Tenn. 373; In re Grubbs-Wiler Groc. Co., 2 Am. Bankruptcy Rep. 442; Oro M. & M. Co. v. Kaiser, 4 Colo. App. 219; Wheeler & Wilson M. Co. v. Lawson, 57 Wis. 400; Saunders v. U. S. Mail Co., 65 Pac. 782. (4) The words and phrases of a statute should be construed according to their plain, ordinary and usual sense unless they are technical

terms. Sec. 8057, R. S. 1909; Henry, etc., Co. v. Evans, 97 Mo. 47; State ex rel. v. Court, 128 Mo. 427; McFarland v. Railroad, 94 Mo. App. 336; Kidd v. Cereal Food Co., 145 Mo. App. 502; Joplin Supply Co. v. West, 149 Mo. App. 78.

*E. G. Curtis* for respondent.

Exemption statutes are to be liberally construed so as to carry out their purpose, i. e., to protect the family of the debtor. 18 Cyc., p. 1380, 3, b; Davis v. Meredith, 48 Mo. 263; State to Use v. Dill et al., 60 Mo. 433; Wagner v. Furniture Co., 63 Mo. App. 209; Bovard v. Railroad, 83 Mo. App. 493. Only ten per cent of the salary for the last thirty days' service can be reached by garnishment. Sec. 2415, R. S. Mo. 1909. The word "wages" includes "salary." Bovard v. Railroad, 83 Mo. App. 493. A creditor cannot, by making a garnishment writ returnable long after its issuance and service, reach over ten per cent of the wages paid during the period between service of the garnishment writ and the filing of the garnishee's answer. 18 Cyc., p. 1434; Davis v. Meredith, 48 Mo. 263; Barnes v. Waltke & Co., 135 Mo. App. 488; Chapman v. Berry, 73 Miss. 437, 55 Am. St. Rep. 546.

STATEMENT.—It appears that on November 25, 1910, a summons of garnishment in aid of an execution, was served on the Union Iron & Foundry Company, directing it to appear before the circuit court of the city of St. Louis at the return term of the writ, to-wit, on the first Monday in February, 1911, that being the first day of the February, 1911, term of that court, to answer such interrogatories as might be propounded to it by the plaintiff therein named. Thereafter and at that term plaintiff exhibited and filed the usual written interrogatories, three in number, touching the property, etc., said to have been attached in

the hands of the garnishee as of the defendant, and requiring the garnishee to make answer. The garnishee answered as to the first interrogatory that at the time it was summoned as garnishee, it had not, nor has it since then had, nor has it now, in its possession, etc., any goods, etc., belonging to defendant, except as thereinafter stated in its answer to another interrogatory. As to the second interrogatory, the garnishee answered that at the time it was summoned as garnishee, since then, and now, the only indebtedness of the garnishee to defendant arose out of the salary being earned by the defendant as manager of the garnishee corporation; that the amount of that salary which the garnishee is bound under contract of employment to pay defendant is at the rate of $3000 per annum, in addition to which the garnishee allows defendant at the rate of $6 per week for expenses incurred by the defendant on behalf of the garnishee, and that it is the practice of the garnishee to credit defendant's account with his annual salary at the end of each year after the salary has been earned, and to permit him to draw against the account from time to time as he might desire; that the custom between the parties has been that defendant ordinarily withdraws from the garnishee $63.70 per week, of which $6 per week is for expenses incurred by defendant on behalf of the garnishee, as before stated; that no credits have as yet been made by the garnishee to defendant upon his salary account, because, according to the custom above referred to, defendant's salary is not credited until the end of each calendar year during which it it earned; that at the date of the service of the garnishment, defendant, in accordance with the custom above set out, would have been entitled to withdraw $54.42; that the garnishee was not, when summoned as such, has not since been, and is not now, indebted to defendant on any account or in any sum except to the extent of the indebtedness arising out of the sal/

ary or employment account above referred to; that defendant is still in the employ and service of the garnishee as its manager under the contract of employment above referred to and has been since the service of the garnishment; that there is a by-law of the garnishee company providing that no director or officer, as such, shall receive any compensation for his services, but that this is not to preclude any director or officer from holding any position in the company or performing any service for the company and receiving compensation therefor, and that defendant's salary was fixed by the by-laws when he was employed as manager of the garnishee company. Answering the third interrogatory, the garnishee states that neither when summoned as garnishee, or since then, or now, is it bound in any contract to pay defendant money not yet due except to the extent that it is obligated to pay defendant his salary as the same is earned, and the expense allowance as set out in its answer to the foregoing interrogatory. This answer was verified.

In addition to this answer of the garnishee, defendant Patchell filed his claim to exemption, in which he states that he is the head of a family, a resident of the State of Missouri, and that any money found due and owing by the garnishee in this case to him, or found to have been paid by the garnishee to him, is and was at the time any such payment was made for wages earned by him for the last thirty days' service as an employee of the garnishee, and defendant claims as exempt all but ten per cent of the salary, wages, or debt that may be adjudged due and owing by the garnishee in accordance with the statute in such case made and provided. The answer of the garnishee was filed on April 18, 1911, and apparently that is the date of the filing of the claim of defendant.

Thereafter plaintiff filed her motion for an order on the garnishee to pay the funds in its hands into court, claiming that by the answer of the garnishee it

was admitted that $1328.42 was due by it to defendant. This motion was submitted to the court on the interrogatories and answer of the garnishee, it being admitted that defendant Patchell was a resident of Missouri, the head of a family, and president and general manager of the garnishee, the by-law of the garnishee above referred to in its answer also being considered as in evidence. This motion was sustained in part by the court on February 5, 1912, and the garnishee ordered to pay into the hands of the clerk of the court the sum of $240.84 within ten days thereafter.

It appears from the statement of counsel that the trial court, in arriving at the sum of $240.84 as the amount which should be paid into court by the garnishee, computed the account as follows:

| | |
|---|---|
| 10 per cent of $54.42, admitted due at the time of the service of garnishment.. | $   5.44 |
| All of $120, expense money advanced Patchell, and which was not part of his salary ...................... | 120.00 |
| 10 per cent of $1154, salary earned during the garnishment period ........ | 115.40 |
| Total ......................:........ | $240.84 |

In due time plaintiff filed her motion to set aside this order. That motion was overruled and final judgment entered up in favor of plaintiff against the garnishee for $240.84. Interposing a motion for new trial after the entry of this judgment and excepting to the action of the court in overruling that motion, plaintiff duly perfected her appeal to this court.

REYNOLDS, P. J. (after stating the facts).— While admitting that the trial court decided correctly as to the first and second items as above, counsel for appellant challenge the correctness on the third, those counsel claiming the $1154 are subject to garnishment, and that, in addition to the $115.40, all of this

$1154 should have been adjudged to her. The argument for reversal rests upon two propositions: first, that under sections 2415 and 2416, Revised Statutes 1909, the exemption of wages extends to and covers only the wages earned and due for the thirty days next prior to the service of the summons, and that none of the wages thereafter carried down to the filing of the answer by the garnishee are exempt; second, that the term "wages," as used in these sections of the statute, does not include the salary of a manager of a company such as is the defendant.

Obviously this case is to be determined on a construction of sections 2415, 2416, Revised Statutes 1909. We are fortunate in having as our guide in the construction of those sections, several decisions of our own and of the Supreme Court which, presenting practically the questions here involved, greatly aid in their determination. As preliminary to the consideration of the case, it is not out of place to observe that our courts, in line with the great current of decision in State and Federal courts of the country, have always held that statutes of exemption, being humane, having for their object provisions for the support and maintenance of those having families dependent upon them, are to have a liberal construction to the end that the effect and purpose of the lawmakers may be effected. [Bovard v. Kansas City, Ft. S. & M. Ry. Co., 83 Mo. App. 498; Miller v. Hooper, 19 Hun (N. Y.) 394, l. c. 396; Rood on Garnishment (1896 Ed.), sec. 87.]

We take up the second point first, for if the earnings of defendant here sought to be reached are not "wages," they are not exempt under section 2415, Revised Statutes 1909, and it is argued that the salary of a president or general manager of a corporation is not "wages." It does not appear that defendant received any salary or compensation whatever as president. The fund sought to be reached

here is the amount coming to him in his capacity as general manager of the corporation.

In Bovard v. Kansas City, Ft. S. & M. Ry. Co., supra, the Kansas City Court of Appeals held that the salary or compensation of a comptroller and general auditor was included within the term wages. The Bovard case was decided in March, 1900, under section 5220, Revised Statutes 1889, and before the amendment of that section in 1903 (Laws 1903, p. 199), which limited the amount of exemption to ninety per cent of wages due. Section 2415, Revised Statutes 1909, is identical in wording with section 5220, Revised Statutes 1889, save as that section was amended by the Act of 1903.

Our own court in Barnes v. Waltke & Co., 135 Mo. App. 488, 116 S. W. 7, held that the salary of a traveling salesman of a company fell within the term wages, as used in this section of the statute.

In re Pilger, 118 Fed. 206, a decision by Judge Seaman, sitting in the United States District Court for the Eastern District of Wisconsin, quoting from the bankruptcy law the definition of a wage earner as "an individual who works for wages, salary or hire, at a rate of compensation not exceeding $1500 per year," it was held that one who was secretary and a stockholder of a bankrupt corporation and who as secretary was financial manager and solicitor for business at a salary of $100 and had no other business and against whom a petition for adjudication of involuntary bankruptcy had been filed, was a wage earner within the meaning of the Federal statute.

In Commonwealth ex rel. Wolfe v. Butler, 99 Pa. St. 535, construing the provisions of the several Constitutions of the State of Pennsylvania, in the earlier ones the term "wages," with reference to the amounts to be paid the members of the General Assembly being used, while in the latter the term "compensation" or "salary," is used, it is said by Chief Justice

SHARSWOOD, who delivered the opinion of that court, that "according to the most appproved lexicographers, the words wages and salary are synonymous. They both mean one and the same thing: 'a sum of money periodically paid for services rendered.' " The learned counsel for appellant have cited us to this case, quoting *in extenso* illustrations used by that eminent jurist and writer of the interchangeable use of the words "wages" and "salary." But these are all given after that judge had laid down the rule as above quoted. Instead of sustaining counsel for appellant, Commonwealth ex rel. Wolfe v. Butler, is directly and distinctly against them.

Black's Law Dictionary (2 Ed.), gives the most general definition of wages as, "The compensation agreed upon by a master to be paid to a servant, or any other person hired to do work or business for him."

In Miller v. Hooper, supra, the debtor was the proprietor of a school, his sole income derived from tuition paid by his patrons. These fees were held to be earnings and exempt.

Section 89, Rood on Garnishment (Ed. 1896), is quoted approvingly in the Bovard case, supra. That section reads: "The manifest object of the statutes is to exempt the personal earnings of the defendant, as contradistinguished from any income or profits derived from speculative, mercantile or other business transactions; and it makes no difference by what means they are reckoned or ascertained, or what they may be termed. 'If there is any difference, in the popular sense, between 'salary' and 'wages,' it is only in the application of them to more or less honorable services. . . . A merchant pays wages to his servant who sweeps the floor, makes the fire, and runs on errands, but he compensates his salesman or clerk by a salary.' " It is further said by the same author (section 93): "The courts have no authority to make

restrictions or limitations upon the exemption statutes other than those contained in the statutes themselves. . . . Likewise, the benefits of the statute may be claimed by all classes of persons, professional men as well as laborers, unless the statute excludes them by its own limitations.''

The learned counsel for appellant refer us to Pullis Bros. Iron Co. v. Boemler, 91 Mo. App. 85, as supporting the proposition that under no circumstances can the president or general manager be considered an employee of a corporation. What is said there is entirely inapplicable here. The priority there claimed by a superior officer of the company was under a clause of our statute (sec. 1006, Revised Statutes 1899, now section 3019, Revised Statutes 1909), which gave priority to ''all debts due employees or operatives of wages for their labor.'' It is said by Judge GOODE, who delivered the opinion of the court, that on a well known rule of construction section 3167, Revised Statutes 1899, now section 2188, Revised Statutes 1909, was to be read in connection with what is now section 3019. In section 3019, the phrase giving priority, is ''wages due for labor and services performed;'' in section 2188, the phrase which exempts certain sums from levy under execution, is ''debts owing laborers or servants which have accrued by reason of their labor and employment.'' That is very different language from that used in section 2415, Revised Statutes 1909, which, so far as here applicable, exempts from garnishment wages due from the garnishee to one in his employ. The same judge who wrote the carefully considered opinion in Pullis Bros. Iron Co. v. Boemler, supra, wrote the equally learned opinion in Barnes v. Waltke & Co., supra, and he there held, as we have before stated, that the salary of a traveling salesman fell within the provisions of section 2415, as wages. That is practically the case now before us.

181 App. 6

There are decisions in other jurisdictions which draw a line between the terms "wages" and "salary," but we think the appellate courts of our own State have adopted the much broader use of the words, treating them as synonymous. Surely that is the more reasonable rule. Every one who works for another in any capacity for a stated compensation, is a wage earner and the compensation wages. We may, out of a kind of pride, call it compensation or salary, and claim we are employed, not hired, but after all it amounts to the same thing—when we are employed, working, doing service, whether menial or of a higher grade, for another for pay, we are hired and are working, rendering service, for wages.

It remains then to determine whether the action of the learned trial judge was correct in holding that plaintiff was entitled to but ten per cent of the $1154, the salary or wages of the execution debtor for the twenty weeks from the service of the summons of garnishment to the filing of the answer of the garnishee, that being the $115.40 awarded by the trial court to appellant out of the total amount then earned.

In Davis v. Meredith, 48 Mo. 263, the garnishee's answer showed that he was indebted to the debtor in the execution in the sum of $96 at the date of the service of the garnishment; that the indebtedness was for wages earned by the debtor within the month then preceding; that at the time of filing the answer he was indebted in the sum of $80.50 for labor done during and within the month then next preceding, and that from the time of the service of the garnishment to the filing of the answer, the garnishee had owed and paid the execution debtor in the aggregate the sum of $16; and further that the indebtedness had at no time exceeded one month's wages, the payments having been made so as to keep the amount due the execution debtor below the value of his services for the thirty days preceding the several payments. On this

state of facts the garnishee was discharged in the circuit court and the judgment of that court affirmed by our Supreme Court. This case was determined under the statute of 1855 as amended in 1865, which limited the wages exempt from garnishment to those due "for the last thirty days' service" (Acts 1865, p. 573), and so far as this clause is concerned now part of section 2415. That is, it is held in Davis v. Meredith, supra, that the exemption of wages for the last thirty days' service next preceding the service of the summons of garnishment extends to and covers the wages down to and including the date of filing the answer by the garnishee. That this is what is meant by our Supreme Court is clear, for it is said (l. c. 264):

"The plaintiffs acquired no lien upon the $96 in the garnishee's hands at the date of the garnishment, since it was due the execution debtor for services rendered within the preceding thirty days, and was, according to the answer, paid off before the thirty days had run. That, then, was out of the case, and the various parties stood in relation to each other as though nothing had been in arrear when the garnishment was served. That being out of the way, the garnishee was at liberty to continue the debtor in service, paying him his wages from time to time as they were earned, leaving nothing in arrear that was not earned within the prescribed thirty days. According to the answer, that was what the garnishee did, and that he was warranted in doing. He did not thereby subject himself to liability over again to his employee's creditors."

To the same effect is Mangold v. Dooley, 89 Mo. 111, in which case Davis v. Meredith, supra, is followed. We are referred by counsel for appellant to Bovard v. K. C., Ft. S. & M. Ry. Co., supra, as holding that the thirty days' limitation applies solely to the thirty days before service of the summons of garnishment. We do not understand that decision either holds that

way or even passes directly upon that question. It merely quotes the statute without construing it.

Counsel for appellant further refer us to Cooper v. Scyoc, 104 Mo. App. 414, l. c. 429, 432, 79 S. W. 751. The instruction objected to by the defendant in that case, who was the appellant, commencing at page 429, told the jury that if they believed and found from the evidence "that at the time of the delivery to the railroad companies of the notices of garnishment in evidence the plaintiff resided in this State and was the head of a family as explained in instruction No. 2, then the court instructs the jury that plaintiff's employees were not chargeable as garnishees on account of wages due plaintiff for the last thirty days' service next before the services of such garnishments." We are unable to see how this aids appellant. It, as does the Bovard case, merely quotes the statute.

In Barnes v. Waltke & Co., supra, l. c. 491, our court held that the judgment rendered in the circuit court against the garnishee "was excessive, for no more than ten per cent of . . . wages was subject to garnishment, (the debtor) being the head of a family and a resident of this State. The balance of his wages was exempt from levy by statute. [Revised Statutes 1899, sec. 3435 (now 2418); Davis v. Meredith, 48 Mo. 263.]" Yet the salary there held exempt except as to ten per cent covered a much larger period than the thirty days prior to the service of the summons of garnishment. It covered over four months, including the time from the service of the summons of garnishment to the time of filing the answer, and amounted to $800; the monthly wage being $200. Our court set aside the judgment of $645.50 and entered up one for $64.55.

Very distinctly these decisions of our own courts hold that not merely all but ten per cent of the wages which fell due after the thirty days next preceding the service of the summons upon the garnishee, was ex-

empt, but that all the wages except ten per cent thereof which fell due up to the time of filing the answer, was exempt from garnishment. Wages which fell due more than thirty days prior to service of summons of garnishment, are attachable; but of all those falling due thereafter, only ten per cent thereof is attachable. That is the plain meaning of the Davis and Barnes cases, supra. So courts. of other jurisdictions have held.

Thus in Beans v. Germania Life Ins. Co., 54 Minn. 366, with a statute of that State before it by which "the wages of any person, . . . not exceeding $25, for services rendered to another person during thirty days preceding the issue of such process," shall be exempt from attachment or garnishment, the Supreme Court of Minnesota held (l. c. 368):

"It is obvious that the strict technical construction of the language of the act, which would confine the exemption to wages earned within thirty days of the mere issuance of the process, would in great measure defeat the exemption intended to be provided for, and as indicated by the title. . . . But if, in view of the evident purpose of the act, it be held that the Legislature intended to date the exemption from the time when the issue of the process was made effectual and operative against the debtor by an actual levy, its operation became practical and uniform, and in conformity with its title; and the effect will be to exempt in all cases the sum of $25 of the wages earned within thirty days next prior to the levy, and to secure to the debtor that amount of his wages from month to month."

It will be noticed that the Minnesota law is, so far as involves the point here under consideration, practically identical with our section 2415, and is in line with Miller v. Hooper, Davis v. Meredith, and Barnes v. Waltke et al., supra.

It is well said in Rood on Garnishment, section 87, referring to exemption laws of like character as our own, ''The policy of the law—the intent of the Legislature in enacting these provisions—is too plain for argument. It was to secure to those who toil with their hands, or depend for their subsistence upon their personal earnings, a sufficient amount of the fruits of their labor to supply them and their families with the necessities of life and a few of the conveniences of modern civilization, free from the merciless grasp of their less needy creditors.''

Unless the wages earned between thirty days prior to the service of the summons of garnishment and the filing of the answer—to the extent given by the statute—are exempt throughout all that period, one of two things will happen, the unfortunate debtor, an employee, must either quit that employment or be deprived of all compensation for his labor and services for that period; would not even be safe in entering upon a new employment for a longer period than thirty days. If he did, under the theory urged by appellant's counsel, his wages would be subjected to continual process of attachment and garnishment. True he might provide against this by stipulating that he is to be paid in advance. But such arrangements are rarely made, labor and services, as a rule, being payable—not always even then paid, as attest the records of all courts—only after rendition of the services. Even when by agreement they are to be paid in advance, the agreement has often been attacked as fraudulent. To hold that all of the wages without exception earned and falling due between the thirty days prior to service of the summons of garnishment and filing of the answer by the garnishee, are subject to seizure under process of garnishment would, in our judgment, be an entire perversion of the object and purpose of our law.

So we hold that the attachment of wages under process of garnishment under our statute has the effect of reaching only ten per cent of wages earned from the thirty days next preceding the service of the summons of garnishment until the filing of the answer by the garnishee. Our law does not contemplate the subjection to attachment under process of garnishment any more than ten per cent of the wages so earned and falling due. The reason for placing this thirty days' exemption in the law is obvious. Our legislators knew that—save as otherwise commanded by statute—wages were rarely paid until the end of a month of employment. It has been held in many cases that after service of the summons on the garnishee, the latter became liable to plaintiff in the execution for any money owing by it to the defendant in the execution from that time on to the time of its answer. [See Dinkins v. Crunden-Martin Woodenware Co., 99 Mo. App. 310, 73 S. W. 246; Bambrick v. Bambrick Bros. Construction Co., 152 Mo. App. 69, 122 S. W. 322, s. c. Bambrick v. Bambrick Bros. Construction Co., 160 Mo. App. 567, 140 S. W. 1193, and Loomis v. Shriner, 165 Mo. App. 25, 145 S. W. 865.] But in none of these cases, and they are of the cases cited by the learned counsel for appellant, was the point here involved considered or in decision.

It is argued that the garnishee had not paid defendant but owed him for the twenty months intervening from service of the summons and until the filing of the answer by the garnishee. Whether it had paid defendant or had not paid him, is immaterial. The ninety per cent of wages exempt is so absolutely exempt that it is not tied up in the hands of the garnishee, but is of the property of the defendant debtor. If not paid over to him he has his right of action (Rood on Garnishment, sec. 95), and would be entitled to recover, subject to the right of the garnishee to hold it pending claims against it in his hands, to protect himself against double payment.

Appellant's counsel suggest that as the execution debtor is president of the garnishee corporation, he must, under the law, be a stockholder. If that is true it suggests the thought that the stock owned by him is not exempt under sections 2415 and 2416. The exemption there given extends alone to wages. Other statutes give further exemptions from seizure on execution.

The judgment of the circuit court is affirmed.

The garnishee having, by a verified motion filed before final submission of the cause on briefs, claimed $6.75 for expenses and also asking for allowance of a reasonable attorney's fee (Rule 28), is allowed the sum of $6.75 for printing the brief and $50 for attorney's fee, all to be taxed as costs herein against appellant. *Nortoni* and *Allen, JJ.,* concur.

