R. H. KINGMAN, JR., doing business under the firm name of R. H. KINGMAN & SON, Appellant, v. CLIFFORD W. BANKS, doing business as C. W. BANKS & COMPANY, EDWIN H. JEFFRIES, Garnishee, Respondents.

St. Louis Court of Appeals. Opinion Filed May 8, 1923.

**HUSBAND AND WIFE:** Estates by Entirety: Attachments: Rents: Not Subject to Attachment for Husband's Debts Alone. Rents and profits of an estate by the entirety are not subject to attachment for the husband's debts alone, the wife not being a party.

Appeal from the Circuit Court of St. Louis County.— *Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*Boyle & Priest* and *G. G. Vest* for appellant.

*Albert Chandler* for respondent.

NIPPER, C.—Plaintiff brings suit against defendant for certain goods sold and delivered by plaintiff to defendant. The petition is supported by an affidavit that defendant is a non-resident of the State of Missouri. Respondent was summoned as garnishee.

Plaintiff, in his reply to garnishee's answer, alleges that respondent occupied as tenants certain premises in St. Louis County which were held by Clifford W. Banks and wife; that at the time he was served with garnishment proceedings he was paying a rental of forty dollars per month to "either" defendant or his wife; that defendant is indebted to plaintiff. Plaintiff then seeks to have an order of court upon the garnishee to turn over this rent after the date on which summons and notice was served upon him.

Garnishee filed a motion to quash the attachment, on the ground that he is a tenant of property held by the defendant and his wife as tenants by the entirety, and, as such, the rents, issues, and profits are not subject to levy or attachment for the individual debts of the hus-. band alone. The court sustained the motion to quash, and entered judgment in favor of the garnishee, and plaintiff appeals.

There is some question about the proceedings to perfect the appeal being in proper form, but, in view of the conclusions we have reached, it is unnecessary to pass upon them, because it would in no way change the result. The plaintiff, who is appellant here, argues that the rents, issues, and profits of an estate by the entirety is subject to attachment for the husband's debts alone, and cites and relies solely upon the law as announced in Rezabek v. Rezabek, 196 Mo. App. 673, 192 S. W. 107. In that case this court followed the rule of law announced in Hiles v. Fisher, 144 N. Y. 306, and Buttlar v. Rossenblath, 42 N. J. 651. In New Jersey and New York it is held that the "Married Woman's Acts," in so far as they affect estates by the entirety, have made husband and wife tenants in common or joint tenants of the use, each being entitled to one-half of the rents and profits during their joint lives, with power to each to dispose of or change his or her moiety during such time.

The opinion of this court, in Rezabek v. Rezabek, supra, was rendered in February, 1917. In February, 1918, the Supreme Court, in Brewing Co. v. Saxy, 273 Mo. 159, 201 S. W. 67, refused to follow the New Jersey and New York rule, and adopted the Pennsylvania rule which holds that the rents and profits of an estate by the entirety cannot be disposed of or changed except by the joint act of both husband and wife. This court refused to adopt that view in Rezabek v. Rezabek, supra. However, in the Rezabek case we did not have before us the question involved here, as the sole question there involved was an accounting *inter sese,* and the question of whether or not rents and profits of an estate by the en-

tirety are subject to attachment for the husband's debts alone, was not directly involved.

In Brewing Co. v. Saxy, supra, it is held that a judgment and execution against a husband alone cannot in any way affect property held by them by the entirety, nor can it affect any supposed separate interest of the husband therein, for he has no separate interest; and the rule of law as announced in Hiles v. Fisher, supra, was condemned.

We think the rents and profits of an estate by the entirety are not subject to attachment for the husband's debts alone, the wife not being a party.

The Commissioner recommends that the judgment be affirmed.

The garnishee having by a proper and timely motion asked for expenses and also an allowance for a reasonable attorney's fee in this court, the Commissioner recommends that $11.75 be allowed for printing the respondent's brief, and $50 for attorney's fee, all to be taxed as costs herein against appellant. [See Koppen v. Union Iron & Foundry Co., 181 Mo. App. 72, 163 S. W. 560.]

PER CURIAM:—The foregoing opinion of Nipper, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed in accordance with the recommendations of the Commissioner. *Allen, P. J. Becker* and *Daues, JJ.,* concur.