## HUTCHERSON et al. v. UNITED STATES.
### No. 6230.

United States District Court
W. D. Missouri, W. D.
Aug. 8, 1950.

Marcy K. Brown, Jr., Kansas City, Mo., for plaintiff.

Sam M. Wear, U. S. Dist. Atty., and John Carr, Asst. U. S. Dist. Atty., Kansas City, for the United States.

DUNCAN, District Judge.

Plaintiffs instituted their suit against the defendant in the Circuit Court of Jackson County, Missouri, and it was removed to this court under the provisions of sections 1444 and 2410 Title 28 United States Code Annotated.

The suit is to quiet title and cancel a lien filed in the Office of the Recorder of Deeds within and for Jackson County, Missouri, by the Collector of Internal Revenue for the Western District of Missouri, against the property of J. E. Hutcherson, as a result of failure to pay his individual income tax for the year 1947. The lien was filed against: "All of the East 34 feet of the South 125 feet of Lot 50, in Beaufort, an addition in Kansas City, Missouri, according to the recorded plat thereof, said real-estate being located at 2920 E. 61st Street in Kansas City, Missouri."

The facts are not in dispute. The defendant has filed answer and motion to dismiss, and the plaintiffs have filed motion for summary judgment, alleging that there is no genuine dispute as to any material fact. The undisputed facts are:

That from and after March 26, 1947 the plaintiff Lois G. Hutcherson and J. E. Hutcherson, her husband, were the owners of the aforesaid described property as tenants by the entirety; that each filed a separate income tax return for the years 1947–1948; that on May 26, 1948 the Collector of Internal Revenue for the Western District of Missouri, filed a "Notice of Federal Tax Lien in the sum of $1,091.61, for unpaid 1947 income taxes assessed against J. E. Hutcherson, individually;" that on December 15, 1947 J. E. Hutcherson filed suit for divorce against the plaintiff Lois G. Hutcherson in the Circuit Court of Jackson County, Missouri; that on June 30, 1948 the plaintiff Lois G. Hutcherson was granted a divorce from J. E. Hutcherson on a cross-bill; that on June 9, 1948 and prior to the granting of the divorce, J. E. Hutcherson and Lois G. Hutcherson entered into an agreement for the settlement of their property rights, and under the terms of said agreement, the property described aforesaid was to be conveyed by J. E. Hutcherson and Lois G. Hutcherson, husband and wife, to Esther C. Moberly, a single woman, said transfer to be subject to certain easements and a deed of trust.

Thereafter, on July 2, 1948 the said Esther C. Moberly, single, conveyed said real estate to Lois G. Hutcherson, single, the plaintiff herein, said deed being recorded on July 3, 1948.

Thereafter, on or about December 1, 1949 the plaintiff Lois G. Hutcherson, a single woman, conveyed said real estate to the plaintiffs Raymond W. Hutton and Mary S. Hutton, his wife.

The plaintiffs ask that the court "try, ascertain and determine the estate, title and interest of the parties, plaintiffs and defendant herein," and "to define and adjudge by its judgment and decree that the plaintiffs Raymond W. Hutton and Mary S. Hutton, grantees of said plaintiff Lois G. Hutcherson, are the fee simple owners in and to said real-estate, subject to any Deeds of Trust" and "that the defendant or no officer for it or in its behalf, has any right, title or interest in or to said real-estate or any lien thereon and that the lien of said Notice of Federal Tax lien aforesaid be cancelled and for naught held as against plaintiffs, and that defendant be forever enjoined and restrained from asserting, claiming or setting up any right, title or interest in and to said real-estate under said lien, and for their costs herein expended."

The defendant by its answer admits all of the material allegations of the complaint.

It contends that "1. A bona fide lien has been established in favor of the government

upon all property and *rights to property* of the delinquent taxpayer, J. E. Hutcherson." "2. Said lien attached as of the date of filing same to the taxpayer's interest and right in property held at that time by him and his then wife as an estate by the entirety, subject to being defeated in the event the said taxpayer, J. E. Hutcherson, is survived by the other spouse."

■ No attempt was made by the Collector to enforce the lien. The notice was simply filed and the lien attached to such interest as the taxpayer had in the property. The statute under which the Collector filed the lien is section 3670, Title 26 U.S.C.A.

"If any person liable to pay any tax neglects, or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property *and rights to property whether real or personal, belonging to such person.*" (Emphasis supplied.)

"Estates by the entirety are creatures of the common law created by legal fiction and based wholly on the common law doctrine that the husband and wife are one, and, therefore, there is but one estate, and, in contemplation of law, but one person owning the whole.

"Estates by entirety have no moieties. Each owner holds the entirety." 4 Thompson on Real Property, § 1803.

So long as the marital relationship exists, the estate is not subject to the individual debts of either husband or wife. Sheldon v. Waters, 5 Cir., 1948, 168 F.2d 483. Nor may the proceeds of rents and profits from such an estate be subjected to the debts of either, Kingman v. Banks, 212 Mo.App. 202, 251 S.W. 449; Morgan v. Finnegan, D.C.Mo.1949, 87 F.Supp. 274 loc. cit. 277, and this includes income taxes due from either to the United States. U. S. v. Nathanson, D.C.Mich.1945, 60 F. Supp. 193.

■ Upon the death of either spouse, the survivor becomes seized as sole owner of the entirety of the estate. There can be no severance of such an estate by the act of either. It can only be changed or severed by the voluntary joint acts of the husband and wife, by the death of one, or by operation of law, i. e., by divorce.

■ The legal effect of a divorce is to destroy an estate by the entirety and to vest the estate in the former husband and wife as tenants in common; each spouse being possessed of a separate moiety. Jones v. Jones, 325 Mo. 1037, 30 S.W.2d 49.

■ If property held by the entirety is not subject to the debts of the individuals who hold it, and it is not, it would seem reasonably to follow that a lien could not be enforced against it.

The Government insists, and correctly so, that it is not attempting to enforce the lien against the estate. It could not have done so, so long as the estate existed. Had it been able to do so, the effect would have been to destroy the estate.

The Government further insists that the interest of the taxpayer in the estate is such an interest as is contemplated by the statute, supra. Such interest is entirely contingent upon the death of the other spouse.

■ It would also seem logically to follow that if the estate cannot be held for the individual debts of either spouse and that a lien cannot be enforced against it, that the husband and wife, by their joint mutual act, as here, may convey the property free and clear of the debts of either, regardless of their nature or source. If that is not so, then the whole legal fiction of estates by the entirety is without foundation, and such property could never be transferred, free of the individual debts of the husband and wife. The exact question apparently has not been discussed in any reported decisions.

In Rothensies, Collector, etc.; v. Ullman, et ux., 3 Cir., 110 F.2d 590, a similar question arose respecting a warrant of distraint for husband's income taxes, against the joint bank account of the husband and his wife. The court quashed the warrant, holding that the joint account was not subject to seizure for payment of the husband's debt.

True, in that case, the attempt was to *enforce* payment, which the Government contends it is not doing here. It would seem that the principle is the same—if the account was not liable for the individual debt —then a lien filed against it would have no legal effect on the property.

 In the case before us, the property held by the entirety was not liable for the husband's debt. A lien could not have been enforced against it. The mere filing of such a lien imposed no legal obligation upon the estate and did not prevent the owners from transferring it, free of any liens or claims against the individuals.

The motion of defendant to dismiss is therefore hereby overruled and the motion for summary judgment should be and is hereby sustained.