RUSSELL v. RUSSELL et al., *Appellants*.

Division Two, May 24, 1894.

**Partition**: HUSBAND AND WIFE: TENANTS BY ENTIRETY: DIVORCE. A wife divorced from her husband can have partition of land owned by them prior to such divorce as tenants by entirety.

*Appeal from St. Clair Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*I. C. Duckworth* for appellants.

(1) The court erred in refusing the declaration of law asked by the defendants. A deed to husband and wife creates a tenancy by the entirety, neither taking a moiety, but each the entire estate. *Gibson v. Zimmerman*, 12 Mo. 385; *Garner v. Jones*, 52 Mo. 68; *Beauchamp v. Shrader*, 52 Mo. 72; *Shroyer v. Nickell*, 55 Mo. 264; *Hall v. Stephens*, 65 Mo. 670; *Baker v. Stewart*, 2 L. R. A. 434. (2) An estate to husband and wife is not a joint tenancy. In such an estate

each party takes the entirety, and the survivor takes the whole, not by survivorship, but by virtue of the original conveyance. *Thornton v. Thornton*, 3 Randolph, 179. Estates by entireties can not be partitioned by the voluntary act of the parties nor by any other means known to the law; it is an estate that can not be destroyed, except by the joint deed of the parties or by the death of one of them. *Thornton v. Thornton*, *supra*, and cases cited.

*John H. Lucas* for respondent.

(1) Estates by entirety are dissolved by divorce; they then become tenancies in common and may, like other tenancies in common, be partitioned. Freeman's Cotenancy and Partition [Ed. 1874], sec. 444, p. 541; 17 Am. and Eng. Encyclopedia of Law, pp. 692, 793; 2 Bishop on Marriage, Divorce and Separation [Ed. 1891], secs. 1649, 1650, 1651, 1652, pp. 625–627, and note of author, p. 627; *Enyeart v. Kepler*, 118 Ind. 36; *Haws v. Wolner*, 80 Ill. 197; *Hopson v. Fowlkes*, 23 S. W. Rep. (Tenn.), 55. (2) The tendency of modern decision is to separate property interests when the sacredness of the maritial relation is dissolved, and estates in entirety are no exceptions to the rule, and no good reason can be assigned why they should be; so community property, homesteads, etc., can be partitioned. 17 Am. and Eng. Encyclopedia of Law, 692, 693; *Kirkwood v. Domnau*, 80 Texas, 645.

SHERWOOD, J.—The question presented by this appeal is whether a wife divorced from her husband, can have partition of land owned by them prior to such divorce as tenants by the entirety. Such tenancies were recognized at an early day in this state (*Gibson v. Zimmerman*, 12 Mo. 385); at a time, too,

when our statute was in this form: "Every interest in real estate granted or devised to two or more persons, other than executors or trustees, as such, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy." The statute had been in this form since 1835, and substantially in that form ever since 1825. Thus the statute remained until 1865, when it was amended by striking out the words "as such," and inserting immediately after them "or to husband and wife." Gen. Stat. 1865, p. 443, sec. 12.

This rule of the common law seems to have been intentionally emphasized in the amended statute. just quoted, is a settled rule of property of this state and the section still retains a place in the last revision. 2 R. S. 1889, sec. 8844; *Garner v. Jones*, 52 Mo. 68; *Shroyer v. Nickell*, 55 Mo. 264; *Hall v. Stephens*, 65 Mo. 670. In which last case, after a considerable citation and discussion of authorities, it was ruled that the interest of a husband in land by entirety could be sold under execution, but that his wife, surviving him, would take the entire estate.

The peculiarities of this sort of tenancy are derived from the fact that in legal contemplation, husband and wife are a *unit of personality;* there can be no moieties between them; they are each seized of the entirety, *per tout*, not *per my*, and the husband can not forfeit or alien the estate, except during the period of his life. *Hall v. Stephens, supra*, and cases cited. And owing to this legal unity of husband and wife, it is said to be impossible, even by express words, to convey land to them so as to make them tenants in common with each other. *Dias v. Glover*, 1 Hoffman's Chy. 71; *Stuckey v. Keefe's Ex'rs*, 26 Pa. St. 397, and cases cited.

This being the case, the question arises what

effect, if any, does a decree of divorce have upon the *status* of an estate by entirety? On this point, Freeman observes. "At the present day, partition of property held in entireties may be obtained in connection with a decree of divorce, or whenever, by a divorce, the legal unity of the cotenants has been destroyed. In other words, while the tenancy by entireties continues, no partion can be made; but when the tenancy has been converted into a tenancy in common, by the destruction of its peculiar and essential unity—namely, unity of person—it may, like other tenancies in common be partitioned." Freeman on Cotenancy and Partition [2 Ed.], sec. 444.

Bishop, when speaking of the same topic, says: "But all agree that this tenancy does not and can not exist where there is no marriage. The consequence is that when the marriage ends by divorce, it falls * * *. In most of our states there are statutes, contrary to the common law, whereby two persons seized of an estate become presumptively, or in the absence of special words, tenants in common. Therefore it has been held, and the author believes justly, that the effect of a divorce where this legislation prevails is to render the parties tenants in common of what before they held by the entirety." 2 Bishop on Marriage, Divorce and Separation, secs. 1650, 1651. This is the prevalent view. *Harrer v. Wallner*, 80 Ill. 197; *Hopson v. Fowlkes*, 23 S. W. Rep. (Tenn.) 55; 1 Wash. on Real Property [5 Ed.], 708; 17 Am. and Eng. Encyclopedia of Law, 692, 693; *Kirkwood v. Domnau*, 80 Tex. 645; *Enyeart v. Kepler*, 118 Ind. 36.

The result of the reasoning and teaching of the foregoing authorities is to this effect: That, as a legal unity of husband and wife was the only basis of the estate by the entirety, the destruction of that unity by divorce necessarily makes the tenants by the entirety

tenants in common; that the barrier of unity thus being removed, partition could be had between such tenants in common with the *same facility and results* as between other like tenants, and this upon the principle of the maxim, "*Cessante ratione cessat ipsa lex.*" The lower court took the same view of the matter, and ordered partition to be made, and we affirm the judgment. All concur.