# MARION WILSON v. HATTIE FROST et al., Appellants.

### Division One, February 15, 1905.

1. **LIMITATIONS: Curtesy.** The statute of limitations does not run in favor of a purchaser from the husband against the heirs of the wife who owned the land during the life of the husband who had a curtesy therein and who conveyed the same supposing that he was the owner, although such purchaser may have been in possession more than twenty-four years.

2. **DEED TO HUSBAND AND WIFE: Estate of Entirety.** The premises of the deed were: "This indenture, made and entered into this thirteenth day of November, A. D. 1865, between Henry G. Deering and Matilda M. Deering, his wife, . . . of the first part, and William Cook and Mary Cook, . . . parties of the second part, that is to say, to the said William Cook the one undivided half interest and the said Mary E. Cook the other undivided half interest in the following described land, witnesseth," etc. And the habendum recited: "To have and to hold . . . unto the said William Cook and Mary E. Cook, their heirs and assigns forever." *Held,* that this deed did not create a tenancy in common, but an estate of entirety, and when the wife died the whole estate went to her surviving husband, and his deed conveyed, not an undivided half interest, but the whole. Even if it be conceded that a husband and wife may take an estate of tenancy in common, under the same deed, yet all the authorities so holding require that the intention to create such an estate must be clearly shown by unequivocal words in the deed, and this deed does not so manifest that intention.

3. ————: ————: **Statute of 1865.** The statute of 1865 (sec. 12, ch. 108, p. 443, G. S. 1865) reciting that "every interest in real estate granted or devised to two or more persons, other than executors and trustees, or to husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be a joint tenancy," refers only to joint tenancies and tenancies in common, and does not seek to make an estate of entirety a tenancy in common.

4. **STATUTES OF 1865.** The General Statutes of 1865 did not go into effect until August 1, 1866, and hence any provision inserted therein for the first time, did not affect the deed made in 1865.

Appeal from Daviess Circuit Court.—*Hon. A. M. Woodson*, Special Judge.

AFFIRMED.

*Hicklin, Leopard & Hicklin* and *Wm. M. Williams* for appellants.

(1) Husband and wife may take real estate as tenants in common where the deed by which they take contains language clearly indicating an intention on the part of the grantor that they shall so take. 1 Preston on Estates, p. 132; 2 Preston on Abstracts of Title, p. 41; Shep. Touch., 132; 4 Kent's Com., p. 363; 1 Washburn on Real Property, p. 674; Sharswood's Notes to 2 Blackstone's Com., p. 182; 1 Reed's Blackstone, p. 470; Bishop on Law of Married Women, p. 616; Freeman on Co-tenancy and Partition, p. 72; Tied. Real Property, 244; 2 Jones Law of Real Property in Conveyancing, sec. 1797; 15 Am. and Eng. Ency. of Law (2 Ed.), 847; Stew. Husb. & Wife, 307-310; Hunt v. Blackburn, 128 U. S. 464; Carroll v. Reidy (D. C.), 5 App. Cas. 59; Fulper v. Fulper, 54 N. J. Eq. 431; McDermont v. French, 15 N. J. Eq. 78; Hicks v. Cockran, 4 Edw. Chy. 107; Hadlock v. Gray, 104 Ind. 599; Thornburg v. Wiggins, 135 Ind. 178; Edwards v. Beal, 75 Ind. 401; Wilkins v. Young, 144 Ind. 1; Brown v. Brown, 133 Ind. 476; Fladung v. Rose, 58 Md. 13; Baker v. Stewart, 40 Kan. 442; Cloos v. Cloos, 55 Hun 450; Jooss v. Fey, 129 N. Y. 17; Miner v. Brown, 133 N. Y. 312; Hiles v. Fisher, 144 N. Y. 313; Hoffman v. Stiggers, 28 Iowa 310; Marchant v. Cragg, 31 Beav. 401; Paine v. Wagner, 12 Sim. Chy. 157. (2) The courts look to all parts of a deed and in construing it will if possible give effect to the intention of the grantor. McCullock v. Holmes, 111 Mo. 445; Long v. Timms, 107 Mo. 519; Brown v. Gibson, 82 Mo. 533; Gibson v. Bogy, 28 Mo. 478; Davis v. Hess,

103 Mo. 31; Bruensmann v. Carroll, 52 Mo. 313.   (3) The former action of ejectment in which these appellants were plaintiffs was brought in time, as, on the death of Mary E. Cook, William Cook became a life tenant, by the curtesy, of her part of the land, and the heirs of Mrs. Cook could not sue for possession during his life.   Rumsey v. Otis, 133 Mo. 85; Miller v. Bledsoe, 61 Mo. 96; Reame v. Chambers, 22 Mo. 36.   (4) Husband and wife take, since the Married Woman's Acts, just as they did at common law. These acts have not changed the common law so far as they are concerned.   Bertles v. Nunan, 92 N. Y. 152; cases under point 1.

*Peery & Lyons* and *Gillihan & Kerr* for respondent.

(1)   The deed from Deering and wife to William and Mary Cook did not, by its terms, purport to create a tenancy in common.   All of the authorities relied upon by defendants hold that the intention to make husband and wife tenants in common must be clearly and unequivocally expressed, and in the majority of the cases cited in the brief of counsel, the expression "as tenants in common," or words of equivalent import, were used in the deeds.   Webb v. Webb, 29 Ala. 588; Miller v. Tunica Co., 67 Miss. 651; Kershaw v. Boykin, 1 Brev. (S. Car.) 301; Devlin on Deeds, secs. 220, 838; Doan v. Printing Co., 70 Mo. 168; Major v. Bukley, 51 Mo. 232.   Where there are any words in a deed which appear repugnant to the other parts of it and to the general intention of the parties, they will be rejected.   Gibson v. Bogy, 28 Mo. 478; Jamison v. Fopina, 48 Mo. 194.   "The intent of a deed, however manifest, can not prevail against a fixed rule of law." Hogan v. Melker, 14 Mo. 177; Corby v. Corby, 85 Mo. 397; Rodney v. Landau, 104 Mo. 259; Simons v. Bollinger, 154 Ind. 83.   (2)   The deed created an estate

by entireties irrespective of the recital referred to in the preceding paragraph. The reason of the rule creating such estate is that the husband and wife, being one person in law, can not take by moieties. This proposition is asserted, and this reason for the rule is given in every case in this State which deals with the question. Gibson v. Zimmerman, 12 Mo. 385; Garner v. Jones, 52 Mo. 68; Hall v. Stephens, 65 Mo. 670; Russell v. Russell, 122 Mo. 236; Bain v. Bullock, 129 Mo. 117; Hume v. Hopkins, 140 Mo. 65; Harrison v. McReynolds, 183 Mo. 533; Bruce v. Nicholson, 109 N. C. 202; McLeod v. Venable, 163 Mo. 536; 2 Black. Com., p. 181. It would seem inevitably to follow that if the husband and wife are considered as one person in law, no words in a conveyance could sever the relation or give them any other estate than as tenants by the entireties. Especially would this be true prior to the adoption of the Married Woman's Acts in this State. The great weight of authority is that at common law, and in the absence of any enabling statute affecting the legal status and property rights of husband and wife, they will, by a conveyance to them, take as tenants by the entirety, no matter what the provisions of the deed may be. Stuckey v. Keefe, 26 Pa. St. 397; French v. Mehan, 56 Pa. St. 286; Young's Estate, 166 Pa. St. 650; Dias v. Glover, 1 Hoff. Ch. 76; McCurdy v. Canning, 64 Pa. St. 39; Rogers v. Benson, 6 Johns. Ch. 437; Jackson v. Stevens, 16 Johns. Ch. 115; Barber v. Harris, 15 Wend. 617; Russell v. Russell, 122 Mo. 236; note to Thornton v. Thornton, 3 Lead. Cases Am. Law Real Prop. pp. 144 to 147; Den v. Hardenbergh, 18 Am. Dec. 386; 1 Ballard's Ann. on Law of Real Prop., sec. 238; Freeman, Co-ten. and Part. (1 Ed.), secs. 64 to 72; 26 Cent. Digest, 1371 to 1379; Ray v. Long, 132 N. C. 891; Kron v. Kron, 195 Ill. 181; Spruill v. Brom. Mfg. Co., 130 N. C. 42. (3) The deed under consideration in this case was executed in 1865 and long prior to the enactment of the Married Woman's

Acts of this State; consequently the common law rule applies with full force to the instrument under consideration. This, for the reason that the Married Woman's Act of 1875, and the later amendments thereto, have destroyed the legal unity of husband and wife. Bains v. Bullock, 129 Mo. 117; Johnston v. Johnston, 173 Mo. 91; Stuckey v. Keefe, 20 Pa. St. 397; 3 Lead. Cases Am. Law Real Prop., p. 150; McNeely v. South Penn. Oil Co., 52 W. Va. 616; Pease v. Whitman, 182 Mass. 363.

VALLIANT, J.—This is a suit in ejectment for an undivided half of 160 acres of land.

Plaintiff claims under two deeds conveying the whole 160 acres to him, one from William Cook, and Mary E. Cook, his wife, dated July 26, 1875, the other from William Cook, dated December 9, 1875, after the death of Mary E. Cook.

Defendants are the children and grandchildren of Mary E. Cook, deceased, and claim by inheritance from her.

Plaintiff went into possession of the land in the summer of 1875, under the deed from Cook and wife, and remained in possession until November 12, 1901. William Cook died in 1899, and after his death, the defendants in this suit sued this plaintiff in ejectment and recovered judgment for an undivided half and were put into possession thereof by the sheriff, November 12, 1901, immediately after which this plaintiff brought this suit.

At the trial of this suit, the plaintiff, in the absence of the original deed, read in evidence from a record book in the recorder's office the record copy of the deed of July 25, 1875, from William Cook and Mary E. Cook to himself. On the face of that record it did not appear that there were seals attached to the grantors' signatures, although the deed was acknowledged in due form and had been on record since October,

1875.   The plaintiff's counsel stated that he offered it only as color of title in connection with his claim of adverse possession.   The plaintiff relied mainly for his paper title on the deed from William Cook after the death of his wife, dated December 9, 1875.

The plaintiff's contention is that the title to the land was in William Cook and Mary E. Cook, his wife, during their joint lives as an estate of entirety and that on the death of the wife it became the husband's exclusively.   If the plaintiff is right in that contention then the deed from William Cook to him, after the death of Mary Cook, conveyed the whole title and he is entitled to recover.

The defendants contend that Cook and his wife owned each an undivided half of the land as tenants in common; that on her death her undivided half descended to them as her heirs at law, subject to William Cook's life estate by curtesy, which life estate ended at his death in 1899, at which time their right to possession accrued.

The title which Cook and his wife had to the land was derived from a deed from Henry G. Deering and wife to them of date November 13, 1865, and was in these words:

"This indenture made and entered into this the thirteenth day of November in the year of our Lord one thousand, eight hundred and sixty-five, between Henry G. Deering and Malinda M. Deering, his wife, of the county of Daviess and State of Missouri of the first part, and William Cook and Mary E. Cook of the county of Daviess and State of Missouri, parties of the second part, that is to say, to the said William Cook the one undivided one-half interest and the said Mary E. Cook the other one undivided half interest in the following described land, witnesseth: That the said party of the first part for and in consideration of the sum of two thousand, eight hundred dollars to them in hand paid by the party of the second part, the receipt

of which is hereby acknowledged, have granted, bargained and sold and by these presents do grant, bargain and sell the following described land situated in the county of Daviess and State of Missouri: The west one-half of the southwest quarter of the northwest quarter of section five; also the north one-half of the northwest quarter and the north one-half of the northeast quarter of section fourteen, all in township fifty-nine, of range twenty-nine, containing 180 acres, as per the government survey, be the same more or less.

"To have and to hold the premises hereby conveyed with all the rights, privileges and appurtenances thereto belonging or in anywise appertaining, unto the said William Cook and Mary E. Cook, their heirs and assigns forever; they, the said Henry G. Deering and Malinda M. Deering, his wife, hereby covenanting to and with the said William Cook and Mary E. Cook, their heirs and assigns, for themselves, their heirs, executors and administrators to warrant and defend the title to the premises hereby conveyed against the claims of every person whomsoever."

It was admitted that defendants were in possession of the undivided half of the land sued for and had been since November 12, 1901, and that the rental value thereof was $13 a month.

The cause was tried by the court, jury waived, the trial resulted in a finding and judgment for the plaintiff for possession, $65 damages, and $13 monthly rents until possession gained; from which judgment the defendants have appealed.

I.   Although the plaintiff was in open possession of the land claiming it as his own from the summer of 1875 until November, 1901, when he was ousted of an undivided half at the suit of these defendants, yet he thereby acquired no title as by adverse possession, because he held possession under William Cook, who, even if he did not own the fee to the whole, as he sup-

posed he did when he made the deed of December 9, 1875, held at least an estate for his own life as tenant by the curtesy, and, therefore, the defendants as heirs of their mother and grandmother were not entitled to possession until the death of William Cook, which occurred in 1899, and the statute of limitations did not begin to run against them until that date.

II.   The case turns on the construction to be given the deed from Deering and wife to Cook and wife of date November 13, 1865. If the effect of that deed was to vest in each of the grantees, independently of the other, title in fee to an undivided half of the land as tenants in common, then the plaintiff in this suit acquired under the deed from William Cook, December 9, 1875, title in fee to only an undivided one half and an estate for the life of the grantor in the other half, and in that view of the case the plaintiff cannot recover. But if the Deering deed conveyed to the grantees as husband and wife an estate of entirety, then on the death of the wife, the husband became the sole owner in fee and his deed vested in the plaintiff title in fee to the whole and in that view the plaintiff was entitled to recover.

Reference is made in the briefs to sec. 12, chapter 108, General Statutes of 1865, page 443, which is as follows: "Every interest in real estate granted or devised to two or more persons, other than executors and trustees, or to husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be in joint tenancy."

The object of that statute was to give the instrument carrying the title such a construction as would make the estate conveyed a tenancy in common in preference to a joint tenancy unless the intention to create a joint tenancy was too clearly expressed to admit of construction to the contrary. It purports to deal only with tenancies in common and joint tenancies, and

makes no distinct reference to estates of entirety. An estate of entirety has its own essential characteristics which distinguish it as well from a joint tenancy as from a tenancy in common. In an estate of entirety, the surviving husband or wife, as the case may be, becomes the sole owner of the property on the death of the other, but not by survivorship, as in case of a joint tenancy. In an estate of the entirety, the husband and the wife during their joint lives each owns, not a part, or a separate or a separable interest, but the whole and, therefore, the death of one leaves the other still holding the whole title as before, with no one to share it.

The common law theory of unity of husband and wife rendered a joint tenancy even more inapplicable to them than a tenancy in common, because joint tenants derive their title from the same deed, whereas tenants in common may derive theirs from different deeds. Therefore, a deed in such form as by the common law would create a joint tenancy in two grantees, would in the same form create an estate of entirety in husband and wife, who were one person. It is easier to conceive a husband and wife as tenants in common than as joint tenants.

Since, as we have seen, the statute above quoted refers only to joint tenancies and tenancies in common it is not very clear what effect is to be given to the words "or to husband and wife" in the connection there used. Under that statute, if a deed is made conveying an estate to two or more persons it is to be construed to create a tenancy in common, unless it expressly says it is intended to create a joint tenancy. That is easily understood in reference to the deed conveying an estate to two or more persons, but suppose it conveys an estate to a husband and wife and does not expressly say it is intended to create a joint tenancy, what estate does it convey? It must be an estate in entirety. It would seem therefore that the words "and husband and wife" were inaptly used in

that statute. We have given this consideration to this statute because counsel in their briefs have referred to it, but really the statute in that form was not in force when this Deering deed was made, in November, 1865; the General Statutes of 1865 did not go into effect until August 1, 1866. [G. S. 1865, p. 882.] The statute in force when this deed was made was section 13, chapter 32, Revised Statutes 1855, p. 357, which is the same as above quoted, except that the words "or to husband and wife" are not in it. Therefore, when this deed was made the common law was the only law on the subject.

On the part of the plaintiff it is contended that at common law husband and wife could not become joint tenants or tenants in common, and that a deed undertaking to create such an estate in them would be construed in spite of its words to create an estate of the entirety.

The authorities cited on both sides of this proposition show that it is a subject on which all the courts in this country are not agreed. Whilst the precise proposition has not been declared in this State, yet there is language in some of our decisions that seem to support the plaintiff's contention. [Gibson v. Zimmerman, 12 Mo. 385; Garner v. Jones, 52 Mo. 71; Shroyer v. Nickell, 55 Mo. 264; Hall v. Stephens, 65 Mo. 670; Russell v. Russell, 122 Mo. 236; Bains v. Bullock, 129 Mo. 117; Hume v. Hopkins, 140 Mo. 65; McLeod v. Venable, 163 Mo. 540.]

[On the other hand, as will be seen by reference to the cases cited in the brief of appellants, there are courts which hold that a husband and wife may take an estate of tenancy in common under the same deed, when the intention to create such an estate is clearly shown in the deed. According to the cases cited, however, the intention to create such an estate must be unmistakably shown.] In the list of those cases is Hunt v. Blackburn, 128 U. S. 464, which is a sample of the others, and the facts of which illustrate what is above

said. In that case, although the title was conveyed to the husband and wife in one deed, yet each had, prior to the execution of the deed, at a separate time and under a separate bond for title, acquired an undivided half interest in the land and the deed was but the confirmation of those separate titles.

Even if it be conceded that at the time this Deering deed was executed it could lawfully have conveyed the property to Cook and wife as tenants in common if it had used clear and unequivocal language to that effect, such concession would not end the case in defendants' favor.

Referring to the deed, we see in the first place that it was not drawn by a skillful conveyancer; it does not suggest that the man who wrote it was learned in the technicalities of the law governing estates of the kind under discussion. The words which the defendants rely upon as creating an estate of tenancy in common have no grammatical connection with the other words in the sentence into which they are injected.

They are found in the premises: "This indenture, made and entered into this the thirteenth day of November in the year of our Lord one thousand, eight hundred and sixty-five, between Henry G. Deering and Matilda M. Deering, his wife, of the county of Daviess and State of Missouri of the first part, and William Cook and Mary Cook of the county of Daviess and State of Missouri, parties of the second part, that is to say, to the said William Cook the one undivided half interest and the said Mary E. Cook the other undivided half interest in the following described land, witnesseth." Then the deed proceeds in due form to recite that in consideration of $2,800 paid to the parties of the first part by the parties of the second part the former conveys to the latter the land, describing it, to have and to hold "unto the said William Cook and Mary E. Cook, their heirs and assigns forever." Both

in the granting clause and the habendum, the form of the conveyance is simply that of a deed in common law form without any suggestion of the character of the estate conveyed other than that to be naturally drawn from the words of conveyance.

If the conveyancer knew the difference between a tenancy in common, joint tenancy, and an estate by the entirety and intended to avoid creating the latter and to create the former he would have made his intention more clear, but if, as is more probable, judging from his deed, he knew nothing about such estates, then we cannot attribute such a meaning to his otherwise vague, if not altogether meaningless, words inappropriately injected into the premises of the deed.

It is said the words must be given some meaning. That is so, provided it can be done without making for the parties a contract they did not make for themselves. If the words have any meaning in the connection in which they are placed, they were probably intended to give assurance to the wife that she was to have as much interest in the land as her husband, and in that sense they were true and in that sense they in no way control or change the common law effect of the granting clause or of the habendum in the deed. This is the view of the case taken by the learned trial judge and it is correct.

The judgment is affirmed. All concur.