McKINNON, CURRIE & CO., Inc. v. FANNIE CAULK.

(Filed 25 November, 1914.)

**Husband and Wife—Estates by Entireties—Divorce—Tenants in Common—Statutes.**

> Under our Constitution and the later statutes, as formerly, husband and wife hold lands conveyed to them in entireties with the right of survivorship, this estate in its essential features and attributes being made dependent upon their oneness of persons in legal contemplation. Therefore, when this unity of person is entirely severed by divorce absolute, the peculiar features of the estate arising out of such unity, and made dependent upon it, should also disappear, and the owners, having acquired the estate subject to this principle, thereafter hold as tenants in common, subject to partition in proceedings regularly brought for that purpose by them or the grantees of their interests. Revisal, secs. 2109, 2110, deals with the rights of husband and wife growing out of the marriage relation, such as dower, curtesy, and the like, and has no application to estate by entireties.

APPEAL by plaintiff from *Rountree, J.,* at February Term, 1914, of ROBESON.

Petition for partition of a tract of land, heard on appeal from the clerk.

On the hearing it was properly made to appear that J. W. Caulk and his then wife, Fannie, the present defendant, were seized and possessed of an estate by entireties in the land, and that the husband, J. W. Caulk, obtained an absolute divorce by decree of the court, on account of the adultery of the wife. Subsequently to this decree said J. W. Caulk, by deed duly executed, conveyed all his right, title, and interest in the land to plaintiff, and, holding this deed, plaintiff instituted the present proceedings to obtain partition of the land on the ground that plaintiff

and defendant are tenants in common therein. The court, being of opinion that the estate by entireties was not affected by the decree of divorce, dismissed the proceedings, and plaintiff excepted and appealed.

*B. F. McLean, S. B. McLean, and H. A. McKinnon for plaintiff.*
*McLean, Varser & McLean and McNeill & McNeill for defendant.*

Hoke, J., after stating the case: It has been held in several well considered decisions of this Court that our Constitution and the later statutes relative to the property and rights of married women have not thus far destroyed or altered the nature of this estate by entireties, a "conveyance to a husband and wife." *Jones v. Smith,* 149 N. C., 318; *West v. R. R.,* 140 N. C., 620; *Bynum v. Wicker,* 141 N. C., 95; *Bruce v. Nicholson,* 109 N. C., 205; *Ray v. Long,* 132 N. C., 891. A perusal of these and other authorities on the subject will disclose that the estate in its essential features and attributes is made dependent on the oneness of person of the husband and wife. Thus, in *Ray v. Long, Associate Justice Douglas,* speaking to such an estate, said: "This estate is fully recognized by our law, and has not been impaired by section 6 of Article X of the Constitution. Whether it arises directly from the marital relation or from a presumption of intention is immaterial, so long as it exists. In *Motley v. Whitmore,* 19 N. C., 537, it is said (by *Gaston, J.*): "When lands are conveyed to husband and wife, they have not a joint estate, but they hold by entireties. Being in law but one person, they have each the whole estate as one person; and on the death of either of them the whole estate continues in the survivor. This was settled at least as far back as the reign of Edward III., as appears from the case on the petition of John Hawkins, as the heir of John Ocle, quoted by Lord Coke, 1 Inst., 187a." And *Merrimon, J.,* in *Bruce v. Nicholson, supra,* said: "The unity of the husband and wife as one person and the ownership of the estate of that person prevent the disposition of it otherwise than jointly. As a consequence, neither the interest of the husband nor that of the wife can be sold under execution so as to pass away title during their joint lives or as against the survivor after the death of one of them. Indeed, it seems that the estate is not that of the husband nor of the wife; it belongs to that third person recognized by the law, the husband *and* the wife." And, in *West v. R. R.,* 140 N. C., *supra,* the present *Chief Justice* refers to certain incidents of the estate as existent "during coverture"; and this being the recognized position, it follows as the reasonable and necessary deduction that where this unity of person is entirely severed, whether by death or divorce absolute, the incidents of the estate arising out of such unity and dependent upon it should also disappear, and, our statute having abolished all survivorship in fee-

simple estates except this and the estate of trustees without beneficial interests (Revisal, secs. 1579-1580), the owners should thereafter hold as tenants in common. It is not a satisfactory answer to this position that, the right of survivorship having attached at the creation of the estate, it could not be divested by a decree of divorce subsequently granted. The very question presented is whether this right of survivorship did attach as an inseparable incident of ownership, or was it dependent upon the unity of person between the two, and our conclusion on this question, drawn from the history and nature of the estate, is, we think, in accord with right reason and the great weight of authority. *Stelz v. Shreck,* 128 N. Y., 263; *Enyeart v. Kepler,* 118 Ind., 34; *Jœrger v. Jœrger,* 193 Mo., 534; *Russell v. Russell,* 122 Mo., 235; *Hopson v. Fowlkes,* 92 Tenn., 697; *Harrer v. Walner,* 80 Ill., 197; *Hays v. Horton,* 46 Ore., 597.

In *Stelz v. Shreck, supra, Peckham, J.,* speaking to the nature of the estate and its incidents, said: "At common law, husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. . . . They were thus seized of the whole because they were legally one person. . . . Being founded on the marital relations and upon the legal theory of the absolute oneness of the husband and the wife, when that unity is broken, not by death, but by a divorce *a vinculo,* it stands to reason that such termination of the marriage tie must have some effect upon the estate which requires the marriage relation to support its creation. The claim on the part of counsel is that it is only necessary the parties should stand in the relation of husband and wife at the time of the conveyance, and at that time the estate vests and no subsequent divorce can affect an estate which is already vested. But the very question presented is, What is the character of the estate which became vested by the conveyance? If it were of such kind that nothing but the termination of the marriage by the death of one of the parties could affect it, then of course the claim of counsel is made out; but it is an assumption of the whole case to say that the estate was of that character. When the idea upon which the creation of an estate by entireties depends is considered, it seems much more logical as well as plausible to say that the estate is founded on the unity of the husband and the wife, and anything that terminates the legal fiction of unity ought to have an effect on the estate whose creation depended upon such unity. It would seem as if the continued existence of the estate would naturally depend on the continued legal unity of the two persons to whom the conveyance was made. . . . An absolute divorce terminates the marriage and unity of persons just as completely as death itself, only instead of one, as in case of death, there are, in case of divorce, two survivors of the marriage and two living persons in whom the title still remains. It seems to me that the natural and logical out-

come of such a state of facts is that the tenancy by entirety is severed, and, this having taken place, each takes his or her proportionate share as tenant in common without survivorship." And again, p. 268: "We do not at all question the contention of defendant's counsel that a decree of divorce in this State only operates for the future, and has no retroactive or any other effect than that given by the statute; but we hold that the character of the estate conveyed was such in its creation that it depended for its own continuance upon the continuance of the marital relation, and when that relation is severed, as well by absolute divorce as by death, the condition necessary to support the continuance of the original estate has ceased, and the character of the estate has for that reason changed."

In *Hays v. Horton, supra, Bean, J.,* delivering the opinion, said: "There is some conflict in the decisions as to the effect of a divorce upon estates by entirety, but the weight of authority is that it destroys the unity of husband and wife and severs such estate, making them thereafter tenants in common. 2 Bishop Mar. and Div. (5 Ed.), sec. 716; Freeman Cotenancy (2 Ed.), sec. 76; *Stelz v. Shreck,* 128 N. Y., 263 (28 N. E., 510; 13 L. R. A., 325; 26 Am. St. Rep., 475); *Russell v. Russell,* 122 Mo., 235 (26 S. W., 677; 43 Am. St. Rep., 581); *Hopson v. Fowlkes,* 92 Tenn., 697 (23 S. W., 55; 23 L. R. A., 805; 36 Am. St. Rep., 120). At common law, husband and wife were regarded as one person, and a conveyance to them by name was in effect a conveyance to a single person. By such a conveyance two real persons took the whole of the estate between them, and each was seized of the whole, and not of any undivided portion. When the unity was destroyed by death, the survivor took the whole of the estate, because he or she had always been seized of the whole thereof and the other had no interest which was divisible. But when the unity is destroyed by a decree of divorce, leaving both spouses surviving, the only logical conclusion is that they thereafter become tenants in common of the property, because there are two living persons in whom the title rests."

And the principle is correctly and succinctly stated in a note to *Jœger's case,* in 5 A. and E. Anno. Cases, p. 536, as follows: "Tenancy by entirety originated in the idea of the unity of the husband and wife, rendering them but one person in law. The continuance of such tenancy in a given case depends upon the marital unity. Hence the general rule is as stated in the reported case, that the dissolution by divorce whereby two actual persons are restored to their natural severalty operates to divide equally between them the title to the estate formerly held by them by entirety, making them tenants in common thereof."

The courts of Michigan and Pennsylvania seem to have made a different decision on this question (*Appeal of Lewis,* 85 Mich., 340, and

*Alles v. Lyon,* 216 Pa. St., 614), but the reasoning of these cases is, to our minds, far from satisfactory, and the conclusion is not approved.

We have not been inadvertent to defendant's suggestion that our legislation in reference to the property rights of the parties, Revisal, secs. 2109-10, in cases of absolute divorce, makes no reference to this estate by entireties. But this legislation is intended and purports to deal only with the rights that either may have in the property of the other growing out of the marriage relation, as of dower, curtesy, and the like, and does not, therefore, refer to this estate, which, on divorce, is property which each holds in his own right and by the nature of the estate as originally created.

There is error in the judgment of the court, and on the facts of record as they now appear, the plaintiff is entitled to partition.

This opinion and decision is to be without prejudice to any other defenses which may not be open to defendant on this record.

Error.