MARMADUKE B. MORTON, ADMINISTRATOR, ESTATE OF JOHN S. LOGAN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32241. Promulgated May 14, 1931.

*Walter E. Barton, Esq.*, and *Raymond C. Cushwa, Esq.*, for the petitioner.

*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

McMAHON: At the hearing the petitioner waived the contention with regard to inheritance taxes paid to the State of New York. This assignment of error need, therefore, not be considered.

In his brief, the respondent conceded that the petitioner is entitled to a credit of $1,456.04, additional inheritance tax paid to the State of Missouri subject to the limitation contained in section 301 (b) of the Revenue Act of 1924, which provides:

The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 25 per centum of the tax imposed by this section.

Upon the redetermination, the petitioner will be credited with the full amount of the additional inheritance tax paid to the State of Missouri, $1,456.04, provided that amount, together with the amount of inheritance taxes paid and already credited by the respondent, does not exceed 25 per centum of the tax as computed in the light of the decision in this proceeding. If such total is greater than 25 per centum of the estate tax, then petitioner will be credited with so much of the additional inheritance tax as is not in excess of 25 per centum of the estate tax computed in accordance with this decision.

There remain for consideration three assignments of error. The applicable provisions of the Revenue Act of 1924 are contained in sections 301 and 302. Section 301 provides:

(a) In lieu of the tax imposed by Title IV of the Revenue Act of 1921, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, whether a resident or nonresident of the United States. * * *

Section 302 provides:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

\* \* \* \* \* \* \*

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: \* \* \* *Provided further*, That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, or, where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of point tenants;

\* \* \* \* \* \* \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

The respondent included in the gross estate of the decedent certain real estate situated in the State of Missouri which decedent owned at the date of his death and which had a value of $10,158.70 at such date. Real estate situated in Missouri is not subject to the expenses of administration of the estate and, therefore, under section 302 of the Revenue Act of 1924, is not to be included in the gross estate. *Crooks* v. *Harrelson*, 282 U. S. 55.

The respondent included in the gross estate of the decedent two tracts of land which had been transferred by deed to the decedent and his wife in 1909 and 1911. It is the contention of the petitioner that the decedent and his wife held both tracts of land as tenants by the entirety and that respondent erred in including them in the gross estate.

In his answer the respondent admitted that both tracts of land were held by the decedent and his wife as tenants by the entirety. At the hearing respondent raised a question as to whether one of the tracts was held by decedent and his wife as tenants by the entirety and the two deeds were submitted in evidence. The respondent was allowed to amend his answer by striking from the answer that

part admitting that the land was held by the decedent and his wife as tenants by the entirety. However, in his brief the respondent states: "At the time of his death, the decedent and his wife held as tenants by the entireties two parcels of real estate, * * * " and contends that his action in including both tracts in the gross estate of the. decedent was proper, relying upon *United States* v. *Tyler*, 33 Fed. (2d) 724.

There is no doubt in our minds that both tracts of land were held by. the decedent and his wife as tenants by the entirety. Under the deeds, parts of which we have set forth in our findings of fact, the decedent and his wife both became seized of the property. The law in Missouri is settled that a deed to husband and wife in the usual form creates an estate by the entireties. *Ashbaugh* v. *Ashbaugh*, 273 Mo. 352; 201 S. W. 72; *Eliot* v. *Roll*, 226 S. W. 590; *Hume* v. *Hopkins*, 140 Mo. 65; 41 S. W. 784; *Wilson* v. *Frost*, 186 Mo. 311; 85 S. W. 375.

There has been no showing that any part of the land constituting the tenancy by the entirety had, prior to the creation of the tenancy, ever belonged to the surviving spouse, and, by the express provisions of section 302 of the Revenue Act of 1924, the full value of the property held by the decedent and his wife must be included in the gross estate of the decedent for estate-tax purposes. *Tyler* v. *United States*, 281 U. S. 497; *Ida A. Smith et al., Executors*, 20 B. T. A. 41; *Max Dann et al., Executors*, 20 B. T. A. 42; *Ada M. Slocum, Executrix*, 21 B. T. A. 169; and *Mary S. Garrison et al., Executors*, 21 B. T. A. 904. The respondent did not err in including in the gross estate of the decedent the full value of the land held at the time of his death by him and his wife as tenants by the entirety.

We now turn to a consideration of the final question we are called upon to decide. At some time not disclosed by the record the decedent took out upon his own life eleven policies of insurance in which his wife, Caroline Logan, was named as beneficiary. Later the decedent changed the beneficiary named in these policies to the Bartlett Trust Company, as trustee under his will. In his will the decedent expressed his desire that there should be no administration on his estate, but appointed his wife executrix in the event that administration should become necessary. By a codicil to his will the decedent appointed the Bartlett Trust Company as executor in the place and stead of Caroline Logan. Thus, under the will of the decedent, the Bartlett Trust Company was the executor and also trustee. As trustee, the Bartlett Trust Company held all of the estate of the decedent except certain household goods which were specifically bequeathed to Caroline Logan. The decedent in his will directed that the trustee first pay all the debts against the estate and then, at a later time, distribute the balance of the trust estate. As trustee,

the Bartlett Trust Company duly received the amount of $25,444.69 as proceeds of the insurance policies and during the course of administration it paid over a total of $16,879.32 out of the trust estate to the Bartlett Trust Company, executor, for the payment of administration expenses and demands against the decedent's estate. The respondent included the insurance proceeds as part of the gross estate and this, the petitioner contends, was error.

It will be noted that subdivision (g) of section 302 of the Revenue Act of 1924 requires that there be included in the gross estate the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life, and also the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life. Since the total amount of proceeds of the insurance is under $40,000, none of it could be included in the gross estate under the second provision of section 302 (g), so we have only to deal with the first provision of that section.

The petitioner contends that the Bartlett Trust Company, in its capacity as executor, was a different legal entity from what it was as trustee under the will, and that the proceeds of the life insurance policies payable to the trustee are not to be included in the gross estate. Petitioner contends that section 302 (g) clearly and unambiguously includes in the gross estate only the amount of insurance receivable by the executor and that the respondent, in taxing these proceeds, extended the application of section 302 (g) beyond the intention of Congress.

The respondent contends that subdivision (g) of section 302 of the Revenue Act of 1924 must be construed in the light of subdivision (a) of that section, and that the real test as to whether or not the insurance proceeds in question are taxable is not whether the insurance was in terms payable to or receivable by a person other than the decedent's executor, but whether it was subject to the payment of debts and expenses and therefore receivable for the benefit of the decedent's estate.

Prior to the enactment of the Revenue Act of 1918 there were no provisions in the Federal estate-tax law corresponding to subdivision (g) of section 302 of the Revenue Act of 1924. Such provisions first appear in subdivision (f) of section 402 of the Revenue Act of 1918. The reasons for the insertion of the clause expressly relating to insurance are explained in the report of the Committee on Ways and Means (Report 767, p. 22) submitted to Congress while the Revenue Bill of 1918 was under consideration. This report reads, in part, as follows:

The gross estate section has been amended to specifically include (1) insurance receivable by the executor under policies taken out by the decedent upon

his own life and (2) insurance in excess of $40,000 receivable by all specific beneficiaries under policies taken out by the decedent upon his own life. (1) Insurance payable to the executor or to the estate is now regarded as falling within section 202 (a) of the existing statute and this construction of the existing statute is now written into the new bill for the sake of clearness. The amendment will serve the further purpose of putting on notice those who acquaint themselves with the statute for the purpose of making more definite plans for the disposition of their property. (2) The provision with respect to specific beneficiaries has been included for the reason that insurance payable to such beneficiaries usually passes under a contract to which the insurance company and the individual beneficiary are the parties in interest and over which the executor exercises no control. Amounts passing in this way are not liable for expenses of administration or debts of the decedent and therefore do not fall within the existing provisions defining the gross estate. It has been brought to the attention of the Committee that wealthy persons have and now anticipate resorting to this method of defeating the estate tax. Agents of insurance companies have openly urged persons of wealth to take out additional insurance payable to specific beneficiaries for the reason that such insurance would not be included in the gross estate. A liberal exemption of $40,000 has been included and it seems not unreasonable to require the inclusion of amounts in excess of this sum.

It is reasonable, to assume that Congress enacted the corresponding section of the Revenue Act of 1924 for the same purpose that it enacted section 402 of the Revenue Act of 1918. It therefore seems clear to us that Congress, in enacting section 302 of the Revenue Act of 1924, intended that there should be included in the gross estate of a decedent the full amount of his life insurance which after his death is subject to the payment of charges against his estate and the expenses of its administration, and which is subject to distribution as part of his estate, and that it was not the intention of Congress, in enacting subdivision (g) of that section to exempt from taxation life insurance meeting such tests, although in terms payable to some one other than the executor. To otherwise interpret section 302 of the Revenue Act of 1924 would be to allow every testator the power of determining whether his life insurance, amounting to less than $40,000, shall be subject to the estate tax even though it is in fact, subject to charges against the estate, subject to expenses of administration of the estate, and subject to distribution as part of the estate.

In the instant proceeding the proceeds of the insurance policies were, under the will of the decedent, subject to payment of the charges against the decedent's estate and the expenses of its administration. It is true that they were not to be distributed by the executor as such, but we believe that under the circumstances they were subject to distribution as part of the decedent's estate within the meaning of the taxing act. Under decedent's will practically all of the estate was placed in the hands of the Bartlett Trust Company, as trustee, for distribution. The evidence discloses that the proceeds of the life insurance policies, amounting to $25,444.69, were mingled with the

other assets of the trust estate and that a total of $16,879.32 of such commingled funds was paid over by the trustee to the executor to pay administration expenses and demands against the estate. We conclude that the respondent did not err in including in the gross estate of the decedent the amount of $25,444.69, proceeds from the life insurance policies.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK concurs in the result only.