EDGAR A. CULLUM AND LUSTER G. MAIN, COPARTNERS, DOING BUSINESS UNDER THE NAME OF CULLUM AND MAIN, APPELLANTS, v. RALPH W. RICE AND CLAUDE B. HOUGH, DEFENDANTS; FIRST NATIONAL BANK OF KANSAS CITY, MISSOURI, A CORPORATION, GARNISHEE, RESPONDENTS.—162 S. W. (2d) 342.

Kansas City Court of Appeals. May 4, 1942.

1114

*Nelson E. Johnson* for appellants.

*Ryland, Stinson, Mag & Thomson; J. Francis O'Sullivan* and *Lawrence R. Brown* for respondent garnishee.

SHAIN, P. J.—The issue in this case involves .a garnishment proceeding on execution wherein the appellants. herein had judgment against the defendant Ralph W. Rice and in favor of plaintiffs in a first count in the sum of $31,189.92, and in a second count in the sum of· $2100.

Execution was issued in March, 1940, and the respondent herein was duly served as garnishee and interrogatories were duly filed.

The question involved herein grows out of Interrogative No. 5, as follows:

"At the time of the service of the writ of· garnishment upon you, to-wit, on the 7th day of March, 1940, did the defendants, Ralph W. Rice and Claude B. Hough, or either· of them, have any sum of. money on deposit with you, whether checking account, savings account, time deposit, or otherwise, and do they, or either of them, now have, or have they,· or either of them since had, such deposit, whether deposited under the name of Ralph W. Rice, R. W. Rice, Claude B. Hough, or otherwise.

"If yes, state the nature and amount of such deposit and under what name the same is carried."

The respondent herein made answer to the above as follows:

"Answer: Garnishee states that on March 7, it had on its books a joint account of Mr. R. W. Rice and Mrs. R. W. Rice; that said account had a credit balance on that date of $588.80; *that said depositors had the right of survivorship in said account and held the same as tenants by the entirety.*" (Italics theirs.)

That part of the above answer in italics was inserted at the trial as an amendment.

Appellants herein joined issue by denial, alleging that said sum was not held by Mr. R. W. and Mrs. R. W. Rice as tenants by the entirety, but that the whole of said sum belonged to Mr. R. W. Rice individually. The respondent, garnishee, made reply by general denial.

On issue thus joined, trial was by court without jury; court found issues for garnishee, respondent herein; and the following judgment was entered, to-wit:

"Wherefore, It Is Ordered, Adjudged and Decreed by the Court that the Garnishee, The First National Bank of Kansas City, be and is hereby discharged as Garnishee herein and that plaintiffs take nothing from said Garnishee and that said Garnishee have and recover from plaintiffs the sum of Twenty-five (25) Dollars as an answer fee and attorney's fee herein with costs and that the Garnishee have execution therefore; to all of which the plaintiffs are allowed exceptions."

From said judgment an appeal was duly taken by the plaintiffs in the original suit.

Appellants base their contention for reversal under two points. Point One is as follows:

"The bank deposit in the hands of the respondent garnishee was owned by the defendant Ralph W. Rice, and his wife, as joint tenants with the right of survivorship and not as tenants by the entirety."

Point Two is as follows:

"The interest of defendant, Ralph W. Rice, in the bank deposit in question, being that of a joint tenant, is subject to garnishment."

### OPINION.

Upon the trial of the case, the plaintiffs, appellants herein, offered in evidence Exhibit 1. This was the signature card of the defendant, R. W. Rice and Mrs. R. W. Rice. It was admitted to be so by the garnishee. A photostatic copy of this signature card is set out in the record. It is addressed to the First National Bank, Kansas City, Missouri, and recites,

"We the undersigned, agree with you and with each other to open a joint account with you as joint tenants to be paid in whole or in

part upon checks or withdrawals drawn or signed by us or either of us or the survivor of us. We authorize each other to endorse in the name of the other checks or other evidence of indebtdness and authorize you to cash or purchase such instruments upon such endorsements. You are authorized to deposit in said joint account with or without endorsement all checks and drafts received by you made payable to us or either of us.''

It is signed, ''Mrs. R. W. Rice, R. W. Rice.''

Stamped on the card and below the signatures, appears the following:

''Either of them, or the survivor in case of death of either.''

Below that in typewriting appears:

''Rice Mr AND MRS R W''

Endorsed across the face of the card with a typewriter appears the following:

''Clsd 3-13-40 $435.33 One ck to Lyle Stephens for 14.20 One ck for $439.13 to cash.''

The plaintiffs, appellants herein, also offered in evidence the supplemental answer of the garnishee to the fifth Interrogatory prior to its amendment. This answer is as follows:

''Answer: Garnishee states that on March 7, 1940, it had on its books a joint account of Mr. R. W. Rice and Mrs. R. W. Rice, that said account had a credit balance on that date of $488.80. Wherefore, having fully answered, garnishee asks the allowance of a reasonable answer fee and prays that judgment be issued against the plaintiff for the same and that execution issue therefor.

''RYLAND, STINSON, MAG & THOMSON,
''Attorneys for Garnishee.''

This was all the evidence offered by the plaintiffs and thereupon the court gave peremptory instruction and entered judgment accordingly as above stated.

The fact that an estate by the entirety is in fact a joint ownership of a husband and wife brings confusion unless we keep in mind that in spite of all legislative enactments touching joint tenancy, an estate in entirety in Missouri, and many other States, remains as at common law.

In an opinion by the Supreme Court of Missouri, Wilson v. Frost, 186 Mo. 311, l. c. 319, the following appears:

''The common-law theory of unity of husband and wife rendered a joint tenancy even more inapplicable to them than a tenancy in common, because joint tenants derive their title from the same deed, whereas tenants in common may derive theirs from different deeds. Therefore, a deed in such form as by the common law would create a joint tenancy in two grantees, would in the same form create an estate of entirety in husband and wife, who were one person. It is

easier to conceive a husband and wife as tenants in common than as joint tenants.''

It is quite uniformly held by the courts of the United States, wherein the common law as to estates by entirety exists, that bank deposits and like chose in action, payable to husband and wife, are tenancies by the entireties wherein the husband and wife have the same status as existed at common law.

The appellants herein cite a long line of cases under points ''A'' and ''B'' which are pertinent to the rights of joint tenants. Melinik v. Meier, 124 S. W. (2d) 594, is cited. The joint tenants in the said case are mother and son.

Armbruster v. Armbruster, 326 Mo. 51, 31 S. W. (2d) 28, is cited. In aforesaid case the question of estate by the entirety was ruled out by reason of failure to plead. In Murphy v. Wolfe, 329 Mo. 545, 45 S. W. (2d) 1079, cited, the question of reduction of wife's property to ownership of husband under the married woman's act is involved. The question of estate by entirety is not therein discussed.

Appellant cites other cases arising under provisions of Section 7996, Revised Statutes of Missouri, 1939. However, in no case cited is there any indication that a deposit by husband and wife, under the provisions stated in the agreement shown in Exhibit 1, *supra,* does not create an estate by entirely.

Following the common law as we do in Missouri, we cannot escape the conclusion that all chose in action, payable to *husband and wife* or to *husband or wife* are presumed to be estates by the entirety. There is certainly no evidence presented in the record herein to put the aforesaid presumption to flight.

The plaintiffs herein introduced in evidence the agreement between the defendant and his wife and the bank (Exhibit 1, *supra*). We conclude that the aforesaid agreement clearly creates an estate by the entirety in Mrs. and Mr. R. W. Rice, and that the same is not subject to garnishment under execution to satisfy a judgment had against Mr. R. W. Rice.

So concluding, the judgment is affirmed. All concur.