ESTATE OF G. A. BUDER, DECEASED, G. A. BUDER, JR., EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57230.    Filed January 31, 1956.

*Ralph K. Soebbing, Esq.*, for the petitioner.
*John Potts Barnes, Esq.*, for the respondent.

#### OPINION.

MULRONEY, *Judge:* The Commissioner determined a deficiency in gift tax for the year 1951 in the amount of $720 against the Estate of G. A. Buder, Deceased, of which G. A. Buder, Jr., is the executor.

The gift tax return for the period here involved was filed with the collector of internal revenue for the first district of Missouri. The cause was submitted under Rule 30 with a full stipulation of facts and on written briefs. The stipulated facts are now found accordingly.

In the year 1951, G. A. Buder (who died in 1954) made separate gifts to his son, G. A. Buder, Jr., and his son's wife, Kathryn M. Buder, in the amounts of $23,145 and $15,790, respectively. In reporting these gifts for gift tax purposes the donor claimed two annual exclusions of $3,000 each. Also during the year 1951 the donor gave Kathryn M. Buder and G. A. Buder, Jr. "as joint tenants with right of survivor-

ship, and not as tenants in common" bonds of the par value of $25,000, and the donor deducted a third annual exclusion of $3,000. The disallowance by the Commissioner of this third annual exclusion accounts for the entire gift tax deficiency.

Section 1003 (b) (3) of the Internal Revenue Code of 1939 provides, in part:

In the case of gifts * * * made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

The petitioner first asserts that, under Missouri law, a conveyance to husband and wife which is in form a conveyance to them as joint tenants, actually creates in them an estate of entirety. In *Wilson* v. *Frost*, 186 Mo. 311, 85 S. W. 375, the Missouri Supreme Court held:

a deed in such form as by the common law would create a joint tenancy in two grantees would in the same form create an estate of entirety in husband and wife who were one person.

The foregoing case was cited and followed in *Cullum* v. *Rice*, 236 Mo. App. 1113, 162 S. W. 2d 342. In *George K. Brennen*, 4 T. C. 1260, we accepted a similar premise with respect to the Pennsylvania law of estates by entireties where the conveyance to the husband and wife was not in form the creation of an entirety estate. So, too, we accept petitioner's first premise here that the transfer by the donor created an estate of entirety in the donees.

Petitioner's argument goes on to state:

An entirety estate is to be treated as one person, one separate legal entity, and, since the gift tax law, section 1003 (b) (3), *supra*, gives an exclusion for the first $3,000 given to "any person" one separate exclusion should be allowed for this gift. A like argument was advanced by the Commissioner in *Mary M. Hutchings*, 40 B. T. A. 27, where the gift was to a trustee for her seven children and the Commissioner contended for one exclusion and the donor sought an exclusion for each beneficiary. There we upheld the Commissioner, citing prior similar holdings of this Court and Courts of Appeal. But the cited case was reversed, *Hutchings* v. *Commissioner*, 111 F. 2d 229, and the opinion of the Fifth Circuit was affirmed by the Supreme Court of the United States in *Helvering* v. *Hutchings*, 312 U. S. 393. The opinion of Mr. Justice Stone, in the last cited case, holds the donor was entitled to seven exclusions for her seven children who were beneficiaries of the trust, the opinion stating:

It is only upon the surrender by the donor of the benefit or power reserved to himself that a taxable gift occurs. * * * and it would seem to follow that the

beneficiary of the trust to whose benefit the surrender inures, whether made at the time the trust is created or later, is the "person" or "individual" to whom the gift is made.

But for the present purposes it is of more importance that in common understanding and in the common use of language a gift is made to him upon whom the donor bestows the benefit of his donation. * * *

The reasoning and conclusion reached in *Helvering* v. *Hutchings*, *supra*, rules the instant case. Petitioner's argument that the gift is to a separate entity derives from the ancient fiction that the husband and wife are one. But even if one were to resort to the ancient and technical rules of the common law governing estates by entirety it would merely mean the husband and wife were each donees of the whole gift. "In an estate of the entirety, the husband and the wife during their joint lives each owns, not a part, or a separate or a separable interest, but the whole * * *." *Wilson* v. *Frost, supra*. It would seem the application of the above rule would hardly warrant an additional exclusion for an entirety gift to the husband and wife separate and apart from the annual exclusions granted for gifts made to each individually in the same year.

But we prefer to rest our decision on *Helvering* v. *Hutchings, supra*. The opinion in that case states that the words of the gift tax statute are to be used "in their natural sense" and "in common understanding and in the common use of language a gift is made to him upon whom the donor bestows the benefit of his donation." Applying the above rule to the instant case, we hold that the donor of estates in entirety has bestowed the benefit of his donation upon the husband and wife, and not to a separate entity. These two are, for the purpose of the gift tax law, the persons to whom the gift is made.[1]

Since, in the instant case, the donor has exhausted the allowable annual exclusions by separate gifts to G. A. Buder, Jr., and his wife Kathryn M. Buder, no third annual exclusion could be taken for the gift to them in estates of entirety.

*Decision will be entered for the respondent.*

---

[1] That a Missouri estate of entirety is not recognized as a separate entity under the Income Tax Law, see *Daniel Upthegrove*, 33 B. T. A. 952. See also *Estate of A. Carl Borner*, 25 T. C. 584, and *Estate of Edward Carnall*, 25 T. C. 654, where taxable transfers under Federal estate tax law were made by holders of entirety estates and it was held each transferred one-half. And there are instances of deviation from the pure fiction of the existence of one entity of entirety estates under the Missouri decisions. *Grose* v. *Holland*, 357 Mo. 770, 211 S. W. 2d 464, where the husband murdered his wife, and *Russell* v. *Russell*, 122 Mo. 235, 26 S. W. 677, where the parties were divorced, are instances where it was held entirety estate property should be equally divided.