WOLFE, Judge.
This is an action wherein the plaintiff sought to recover $69.51, which she alleged that the defendant trust company had wrongfully paid out of a savings account. The account was in the name of the plaintiff and her husband. The money had been paid into court by the trust company in response to a garnishment served upon it. The judgment giving rise to the garnishment was against only the husband of the *526 plaintiff. Upon trial the plaintiff successfully contended that the account was not subject to the debt of her husband, and from the resulting judgment the defendant prosecutes this appeal.
The facts are simple and undisputed. Ida Hanebrink and her husband, Mark Hanebrink, had on deposit with the Tower Grove Bank & Trust Company, defendant, $69.51. This was in a savings account and the account was carried under the name “Hanebrink, Ida or Mark either or survivor”. There was a judgment against Mark E. Hanebrink and on that judgment a writ of garnishment in aid of execution was issued by the clerk of the Circuit Court of the City of St. Louis. This writ was served upon the Tower Grove Bank & Trust Company.
After the trust company had been served with the writ of garnishment, the following letter was addressed and sent to Mark E. Hanebrink:
“This is to advise that our office represents the Tower Grove Bank and Trust Company of this city. Our client has been served with a garnishment executed from the Circuit Clerk’s office of the City of St. Louis. The garnishment is in the amount of $1,300.00 plus present costs of $50.55. Inasmuch as your account contains only $69.51 we have tied up the entire amount pending disposition of this garnishment.
“In the event this garnishment is not released before the first Monday of June, 1957, we will be required to answer interrogatories and in all probability pay the funds into court. If you secure any release before that time be sure to furnish a copy of same to Tower Grove Bank and Trust Company so that they may release your account.”
The plaintiff testified that she had knowledge of the letter and its contents.
Another letter, of later date, to the same effect was addressed and sent to the plaintiff’s husband. The plaintiff also read this letter.
After the first letter had been written interrogatories were propounded to the trust company, garnishee, and one of the questions asked was as follows:
“2. At the time of the service of the writ of garnishment upon you, to-wit, on the 29th day of March, 1957, were you, or have you since said time become, or are you now in anywise indebted to the said defendant? If yes, state what amount and in what manner the debt accrued; if evidenced by any instrument in writing, describe the same, and state what has become of said instrument, and whether to your knowledge, it is in the possession or under the control of the defendant?”
which was answered:
“Yes. At the time of service of the writ of garnishment defendant maintained a saving account at garnishee Bank with a balance of $69.51. At the present time garnishee remains indebted to defendant for the said amount.”
Subsequent to the filing of its answer in the garnishment proceedings the trust company was ordered to pay the $69.51 to the clerk of the court. It complied with this order and was thereafter discharged as a garnishee.
After this plaintiff went to the trust company and tendered to it a withdrawal slip for the sum that the trust company had paid out under the writ of garnishment. The trust company refused to pay her and this action followed. The trial was to the court and resulted in a judgment for the plaintiff in the sum of $72.44, which was the total of the amount sued for plus interest to the date of judgment.
The appellant, trust company, contends that the court erred in entering a judgment for the plaintiff in that it had paid out all of the money on deposit with it pursuant to an order of the circuit court. *527 It is stated that such a payment was authorized under Section 362.470 RSMo 1949, V.A.M.S. The section referred to relates to joint deposits and the trust company seeks to justify the payment it made on the following words of that section: “and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank for all payments made on account of such deposit prior to the receipt by said bank of notice in writing signed by any one of such joint tenants not to pay such deposit in accordance with the terms thereof.”
The words “the one to whom such payment is made” clearly refer to one of the depositors of the joint account and not to a creditor of one of them.
It has been held in Missouri for some time that where a husband and wife hold personal property as joint owners they are presumed to be tenants by the entirety. Each is presumed to have an undivided interest in the whole of the property. Ambruster v. Ambruster, 326 Mo. 51, 31 S.W.2d 28, 77 A.L.R. 782; Craig v. Bradley, 153 Mo.App. 586, 134 S.W. 1081; Cullum v. Rice, 236 Mo.App. 1113, 162 S.W.2d 342; State Bank of Poplar Bluff v. Coleman, 241 Mo.App. 600, 240 S.W.2d 188; Feltz v. Pavlik, Mo.App., 257 S.W.2d 214.
It is also the law in this state that where a judgment and execution are against the husband alone such judgment cannot in any way affect property held by the husband and wife in the entirety. Neither can it affect any supposed separate interest of the husband, for he has no separate interest. Otto F. Stifel’s Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S.W. 67, L.R.A.1918C, 1009; Hartford Fire Ins. Co. v. Bleedorn, 235 Mo.App. 286, 132 S.W.2d 1066; Kingman v. Banks, 212 Mo.App. 202, 251 S.W. 449.
It is contended that the plaintiff was aware of the garnishment action since she had read the letters addressed to her husband, and that because of this she should have taken some steps in the garnishment proceeding to protect her interest. The letters were addressed only to the husband of the plaintiff, and while she had knowledge of their contents she certainly had no knowledge that the trust company would erroneously state in its return that it was indebted to her husband alone. As set out above, the trust company’s return stated only that it was indebted to plaintiff’s husband by reason of the savings account. Had a proper return been made there could have been no valid order on the garnishee to pay the amount of the savings account into court in the absence of evidence overcoming the presumption that the account was held by the entirety.
When confronted with plaintiff’s demand for the balance of the account, as it stood on the books prior to the time that the trust company erroneously paid it into court, the trust company was obliged to pay it to the plaintiff, and consequently the judgment is affirmed.
RUDDY, P. J., and ANDERSON, J., concur.