Dear Mr. Hanna:
This opinion is in response to your request for an official opinion on the following inquiry:
 "Is it permissible for a deputy sheriff to serve as a security guard for a person or corporation in his off duty hours and receive remuneration for such service over and above his salary as a deputy which is paid by the county?"
Deputy sheriffs in first class counties, such as St. Charles, are appointed under authority of § 57.201, RSMo 1978, by the sheriff. In addition to the salary, deputies are entitled to reimbursement for certain expenditures made in the performance of their official duties and to a uniform allowance if the uniform is worn in the performance of their duties. §§ 57.295, 57.300,57.350 and 57.360, RSMo 1978.
Your question is whether a deputy sheriff can be employed as a security guard in his off duty hours and receive remuneration from a private source for such service in addition to his salary received from the county. A search of the statutes finds no statute specifically preventing a deputy from taking a second job during his off duty hours. However, § 105.452, RSMo 1978, provides as follows:
 "No elected or appointed official or employee of the state or any political subdivision thereof shall:
 (1) Act or refrain from acting in any capacity in which he is lawfully empowered to act as such an official or employee by reason of any payment, offer to pay, promise to pay, or receipt of anything of actual pecuniary value other than compensation to be paid by the state or political subdivision; or
 (2) Use confidential information obtained in the course of or by reason of his employment or official capacity in any manner with intent to result in financial gain for himself, his spouse, his dependent child in his custody, or any business with which he is associated; or
 (3) Disclose confidential information obtained in the course of or by reason of his employment or official capacity in any manner with intent to result in financial gain for himself or any other person."
A deputy sheriff clearly comes within that class of persons whose conduct is proscribed by § 105.452. Whether a deputy sheriff violates this section by receiving compensation for his work as a security guard depends upon the extent to which a deputy sheriff is lawfully empowered to act by virtue of his position. A comparison will then be required to determine whether, while serving as a security guard, the deputy is, in fact, receiving additional compensation for doing acts which he is required to do in his official position.
By statute, a deputy possesses "all the powers and may perform any of the duties prescribed by law to be performed by the sheriff." Section 57.270, RSMo 1978. In Maxwell v.Andrew County, 146 S.W.2d 621, 625 (Mo. 1940), it was stated that "sheriffs' deputies are public officers who perform the duties and are subject to the liabilities imposed upon the sheriff himself by law." Thus, a deputy may perform the duties of a sheriff.
In general, the duties of a county sheriff are set out in § 57.100, RSMo 1978, which provides as follows:
 "Duties generally — Every sheriff shall quell and suppress assaults and batteries, riots, routs, affrays and insurrections; shall apprehend and commit to jail all felons and traitors, and execute all process directed to him by legal authority, including writs of replevin, attachments and final process issued by circuit and associate circuit judges."
A sheriff is made a conservator of the peace by § 57.110, RSMo 1978, which provides as follows:
 "Duties as conservators of the peace — return of recognizance. — Every sheriff is a conservator of the peace within his county, and shall cause all offenders against law, in his view, to enter into recognizance, with security, to keep the peace and to appear at the next term of the circuit court of the county, and to be committed to jail in case of failure to give the recognizance. The sheriff shall certify the recognizance to the clerk of the circuit court."
The courts of Missouri have interpreted the duties of sheriffs in connection with the sheriffs' authority to accept rewards upon their accomplishment of an act which is arguably an act which they are required to do as part of their official duties. These cases hold that it is against public policy for a sheriff to accept a reward for the performance of his sworn official duty, and would seem to be a basis for not allowing an off duty deputy sheriff to accept a second job in which he is required to exercise his official duty. This is especially true in light of Bovard v. Ford, 83 Mo.App. 498, 501 (Mo.App., K.C.D. 1900), which held that wages and reward are synonymous. In Farmers'Mutual Fire Association of Shelby County v. Hunolt, 81 S.W.2d 977
(Mo.App., St.L. 1935), the duties of the sheriff were discussed as follows:
 "Sheriffs are given power, and it is made their duty, to preserve the peace, arrest and commit to jail all felons, traitors, and other misdoers, to execute all process, and to attend upon courts of record. The powers and duties of conservator of the peace exercised by the sheriff are not strictly judicial; but he may be said to act as the chief magistrate of his county, wielding the executive power for the preservation of the public peace, and it has been held that the duty of a sheriff in the enforcement of the law implies initiative on his part, and that he must be reasonably alert with respect to possible violations of the law, and is not entitled to wait until they come to his personal knowledge, but must follow up information received from any source. State ex rel. Thompson v. Reichman, 135 Tenn. 653, 685, 188 S.W. 225, 597, Ann. Cas. 1918B, 889." 81 S.W.2d at 981.
Having established the duties of a sheriff, and thus the duties of a deputy sheriff, the issue becomes whether, in serving as a security guard, a deputy sheriff is being compensated by a private entity for the performance of his official duties. A definitive answer to this question would require an analysis of the exact job function which would be performed in each instance by the deputy sheriff who was hired as the security guard. Since your question refers generally to security guards and gives no specific details as to their duties, such an answer may not be possible. However, performance as a security guard would seem to require the presence of the person hired, if only for a period of time necessary to make a routine patrol of the area being protected. Thus, in hiring a security guard, one is at least contracting for that person's physical presence in a given area at a given time. However, it is usually the case that more than mere presence is required of a security guard. It is often expected that, should the guard discover some disturbance in the course of his performance, he would take some action. The employer of a security guard is thus paying the security guard to take whatever action is necessary under the circumstances. For a security guard who is not a law enforcement officer, this action is to use lawful force to protect persons and property and to call on police law enforcement officials if appropriate.
A sheriff, and thus a deputy sheriff, is under the duties which have been previously set out. Those statutes place no time limitation on those duties, and it would appear that the sheriff and his deputies are under those duties twenty-four hours a day. This would seem to be true even if only eight hours per day is spent actually in the office or on patrol. When faced with a situation which is appropriate for official law enforcement action while working as a security guard, the deputy sheriff would be required to take official action. Thus, his private employer is paying him to take some action, and since that action he takes is in his official capacity, there would seem to be a violation of § 105.452, RSMo 1978.
Clearly, not every activity for which a security guard receives compensation is an action which comes within the official duty of a deputy sheriff. But many actions which he might be forced to take, and which his employer expects him to take, are essentially elements of the performance of his official duty. In Farmers' Mutual Fire Associationof Shelby County v. Hunolt, supra, the court dealt with the sheriff's claim for a reward. In that case, the court stated as follows:
 "It may be that some of the services rendered by the sheriff shown by the evidence were beyond his official duties as sheriff: but, if this be so, such services we think were so related to his official duties that a sound public policy could not sanction the taking of a reward therefor." 81 S.W.2d at 980-981.
Similarly, this office, in a prior opinion — Opinion No. 366, Gant, 12-18-69 — stated that a sheriff, who already had law enforcement duty throughout the county, could not contract with a city to provide police services for that city.
It is recognized that the employment of local law enforcement officers as security guards has become a frequent practice both in part, no doubt, from the economic circumstances of law officers and the desire of private employers to obtain trained security personnel. It must also be recognized that what makes these officers so desirable as guards is not just their training and experience but also the fact that their official position allows the officers certain advantages, such as the right to carry concealed weapons within their jurisdiction and the wide scope which their official position gives to their arrest and search powers. There can be little doubt that the people, with whom a security guard of this type comes into contact, react much differently, possibly being more acquiescent and cooperative, when they realize the guard is also a deputy sheriff. Whether this practice of employment is good policy is not the question to be decided by this opinion. This office gives its opinion of the practice, based on whether it is in accordance with the law, as that law can be determined from the statutes and court opinions. As stated above, our view is that the practice is not in accordance with the law.
It is within the power of the legislature to authorize this practice if such is deemed appropriate.
CONCLUSION
It is the opinion of this office that a deputy sheriff may not serve as a security guard in his off duty hours and receive remuneration from a private entity for such service unless his job as a security guard does not encompass any of those duties which he is obliged to perform by virtue of his position as a deputy sheriff.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Michael Elbein.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure
Op. No. 366-1969